UNITED STATES v. WADE et al., and three other cases.

Nos. 543, 545, 570.

District Court, D. Idaho, E. D.

April 8, 1926.

B. E. Stoutemeyer, Regional District Counsel for the United States Reclamation Service, of Portland Or., and the United States Attorney for the District of Idaho, for the United States.

McDougall & McDougall, of Pocatello, Idaho, for the Wades and M. A. Driscoll and wife.

Spencer L. Baird, of Portland, Or., for W. C. Sweetwood.

H. J. Swanson, of Pocatello, Idaho, for Slater and Phoenix.

R. S. Anderson, of Grants Pass, Or., for Power County, Idaho.

Merrill & Merrill, of Pocatello, Idaho, for Wooley.

M. M. Myers, of American Falls, Idaho, for Evans Mercantile Co. and Aberdeen-Springfield Canal Co.

Merrill & Merrill, of Pocatello, Idaho, and Cheney, Jensen, Holman & Stephens, of Salt Lake City, Utah, for People's Bank & Trust Co. and American Falls Canal Security Co.

DIETRICH, District Judge.

I have sought earnestly to find some ground upon which I could make an exception to the general rule that costs cannot be awarded against the government in litigation to which it is a party. I am inclined to think that under the state statute (Comp. St. Idaho 1919, § 7421) in respect to costs in condemnation proceedings, costs should be equitably apportioned within the discretion of the court as the facts warrant, and such I think is a fair rule; but there really does not seem to be any more reason for awarding costs against the government in a condemnation proceeding than in any other class of litigation. If the government brings an unfounded suit against a citizen upon any other alleged cause of action, and is unsuccessful, it turns out, under the general rule prohibiting costs against the government, that the citizen has been put to costs in defending a right which the government has wrongfully assailed. A property right in real estate is no more sacred than any other property right, and the reasons for allowing costs against the government in a condemnation proceeding are no more cogent than the reasons for awarding costs against it in any other proceeding.

In the examination that I have been able to make of the texts and authorities, I have found no exception to the general rule prohibiting allowance of costs against the government. My attention has been called to the case of United States v. Engeman (D. C.) 46 F. 898, where in fact apparently such costs were allowed in a condemnation proceeding, but in so far as appears the point here urged and relied upon by the government was not called to the attention of the court. The opinion does not intimate that any such question was considered.

With not a little reluctance, therefore, I feel constrained to follow the general rule, and hence to deny the several claims of the defendants for costs, and such will be the order.