## BURRILL *vs.* MARTIN *& al.*

In a case of complaint under the statute for flowage, commissioners were appointed by the Court, who, upon a view of the premises, reported the yearly damages at $12. The defendants claimed a trial by jury, who returned a verdict for $6,87 only, as the yearly damage. *Held,* that the complainant was nevertheless entitled to costs.

This was a complaint under the statute of 1821, *ch.* 45, against the defendants for flowing the complainant's lands by means of the erection and continuance of a certain dam and mills. Commissioners were appointed by the court, who, upon a view of the premises, reported the yearly damages at $12. The defendants claimed a trial by jury, and offered evidence to impeach the report of the commissioners. The jury awarded by their verdict the sum of $6,87, as the yearly damages. And thereupon a question arose as to the costs. *Whitman C. J.* in the C. C. Pleas allowed costs to the complainant, to which the defendants excepted.

*Rogers,* for the defendants, contended that as they had succeeded in reducing the commissioners' report, they were to be regarded as the prevailing party. If it were not so, this class of cases must always be litigated at the expense of the defendant, which could not have been the design of the statute. It was probably intended that both parties should abide by the report of the commissioners, or appeal from it at their peril. *Maine Stat. ch.* 261, § 1; *Stat. ch.* 45, § 6; *Harding* v. *Harris,* 2 *Greenl.* 162; *Kavanagh & al.* v. *Askins,* 2 *Greenl.* 397.

*Kent,* for the complainant.

Weston C. J. — The statute of 1821, *ch.* 45, for the support and regulation of mills, allows full costs to the complainant, if he prevail, although the damages he recovers be less than twenty dollars. The additional statute of 1824, *ch.* 261, authorizes the court to appoint commissioners to estimate the damages. But their award is not conclusive. Either party may require that the question may be referred to a jury; in which case the

report of the commissioners may be given in evidence. But if their report is not objected to, it is to be accepted by the court, and judgment rendered accordingly. In the one case their inquiry is preliminary, and to be used as evidence ; in the other it becomes, by acceptance, the foundation of the judgment. The issue to to be determined is, what yearly damages the complainant has sustained, if any, and whether the flowing is necessary, and for what portion of the year. If the jury award any damages to the complainant, he prevails. Neither party is bound to abide the judgment of the commissioners, at the peril of costs ; but costs are to be adjudged in favor of him, who is ultimately the prevailing party, upon the final trial of the issue. A party is in no fault, who chooses to submit his cause to a jury. He is merely in the exercise of a legal and constitutional right. The complainant is still the prevailing party ; although the jury gave him less than the commissioners.

*Judgment affirmed.*