## S. C. ANDREWS *vs.* TOWN OF MARION.

February 13, 1877.

Appeal from Order Laying Out Road—Notice.—Under Laws 1873, *c.* 5, relating to roads, cartways, and bridges, a notice of appeal to the district court, from an order laying out a road and assessing damages, need not state that the party appealing has filed the application and bond required by the act to perfect the appeal.

Same—Costs of Appeal.—The act does not allow costs to the successful party on an appeal from the order of the commissioners or supervisors to the district court.

Appeal by defendant from a judgment of the district court for Olmsted county, where the action was tried before *Mitchell*, J., and a jury. The defendant objected, before the clerk of the district court, to the taxation of any costs against it, but the costs were taxed by the clerk and inserted in the judgment, and, on appeal to the court, the clerk's taxation was affirmed.

*Charles C. Willson*, for appellant.

*Start & Gove*, for respondent.

GILFILLAN, C. J. This case came into the district court by appeal, by this plaintiff, from the order of the supervisors of the town of Marion, laying out a road over the land of plaintiff, and assessing her damages therefor under Laws 1873, *c.* 5. A motion was made by the town, in the district court, to dismiss the appeal on the ground that the notice of appeal merely stated that the party had appealed, and thereby appealed, from the order, (describing it,) to the district court, without stating the other acts necessary to be done to make an appeal, to wit, the filing of an application and bond as prescribed by the act. The motion was denied correctly. Notice that a party has appealed is, unless the statute requires further specification, in effect, notice that the party has done whatever was necessary to make the appeal effectual.

On the trial in the district court the damages were largely

increased, and the court below allowed the appellant there the costs of the appeal, which were entered in the judgment. In this we think the court below was wrong. The proceeding, even on appeal, is not a civil action, so as to be governed by the statute prescribing costs in such action. It is a special proceeding, controlled by the statute establishing it. This act, sections 60 and 61, provides for costs on an appeal to a justice of the peace, but section 62, which relates to appeals to the district court, is entirely silent on the subject of costs ; and as it does not provide for costs on such appeal, none can be recovered. It is undoubtedly a defect in the statute, but the court cannot supply the omission. The judgment must. be modified by deducting the amount allowed for costs, and the case will be remanded for that purpose.