## P. A. KROSHUS vs. COUNTY OF HOUSTON.

### May 11, 1891.

Claim against County—Appeal—Costs.— On an appeal on behalf of a county from the decision of the county commissioners allowing a claim against the county, if the claimant recover part of his claim, costs cannot be awarded to the county.

Appeal by plaintiff from a judgment of the district court for Houston county, where the actions were tried by *Farmer*, J.

*W. H. Harries*, for appellant.

*C. S. Trask*, for respondent.

GILFILLAN, C. J. The appellant presented two claims, amounting in the aggregate to $226.52, to the county commissioners, and they were allowed in full. The county attorney took appeals to the district court, where, by stipulation, the appeals were consolidated and tried as one, and the court disallowed items of the claims amounting to $67.60, and directed that this appellant recover of the county $158.92, and that the county recover of him its costs and disbursements, to be taxed. The costs having been taxed, judgment was entered as directed, and the claimant appeals.

The only question raised here is the right of the court to allow costs to the county. The right to recover costs and disbursements in an action or judicial proceeding is purely statutory, so that, where no statute allows it, they cannot be recovered. In the statute providing for appeals from decisions of county commissioners on claims against their county the only reference to costs is in Gen. St. 1878, c. 8, § 90. That section provides that no execution shall issue on the judgment "except for the collection of a counterclaim or the collection of costs and disbursements, in case of a judgment therefor against a claimant." In *Thomas* v. *County of Scott,* 15 Minn. 254, (324,) where the claimant appealed to the district court, and the proceedings were there dismissed, judgment was rendered against him for costs. This court held the allowance of costs to be right, saying: "Their allowance is manifestly contemplated by section 82," (section 90.) We can see how a claimant establishing his claim, or the county defeating it, may be entitled to costs, and that case is authority for the proposition. The proviso to the section is "that in any case where costs are awarded against a claimant, and there is any allowance on the claim in his favor, the amount of such costs shall be deducted from such allowance." This contemplates that costs may be awarded against a claimant though he recover part (or, perhaps, the whole) of his claim. But the statute does not give any rule by which to determine when costs shall be awarded against him; whether upon his appeal or upon an appeal by the county; whether when his claim is reduced, or, if so, by how much. It is impossible to tell upon what the right to costs depends when the claim is wholly or in part allowed; and we can find no analogous case in the statute regulating costs in actions originally commenced in the district court, or brought there by appeal from a justice of the peace, by which we can suppose this statute intends that the court shall be governed. It is clearly a *casus omissus.* While the statute contemplates costs, it does not prescribe when they shall be allowed. It was therefore error to award them.

The judgment is reversed, and the court below will enter judgment in favor of this appellant for the amount found due him on his claim.