STATE ex rel. SWAN J. TURNBLAD v. DISTRICT COURT OF
HENNEPIN COUNTY.[1]

October 31, 1902.

Nos. 13,092—(28).

**Eminent Domain—Award of Appraisers.**

The charter of Minneapolis provided that in proceedings to condemn
property for park purposes, if there should be any building standing
upon the premises, the appraisers should determine the amount of dam-
ages to be paid the owner in case such building should be taken, and
the amount of damages to be paid the owner in case such building should
be removed. In this proceeding the board of appraisers returned an
award in the following language: "In case the buildings and improve-
ments shall not be removed, we award $14,242. In case the buildings
and improvements shall be removed, we award $13,642." *Held*, in
this award the appraisers employed the word "improvements" with
reference to such attachments and fixtures as necessarily constitute a
part of the building, which in that sense was equivalent to the word
"buildings."

**Disqualification of Appraiser.**

An appraiser who had formerly taken part in appraising the value of
the premises as a member of a real estate board was disqualified from
acting as an appraiser in such proceedings.

**Assignments of Error.**

Certain other assignments of error considered, and found not to con-
tain reversible error.

Writ of certiorari issued from the supreme court to the district
court for Hennepin county, and the judges thereof, to review pro-
ceedings in the district court by the Board of Park Commissioners
of Minneapolis to condemn land for a public park. In the original
proceedings under the city charter the appraisers appointed by the
board made an award to relator in the form set out in the opinion.
Relator filed objections, which were overruled, and he appealed
to the district court for Hennepin county. Upon the hearing of
the appeal an order was made, Harrison, J., confirming the pro-

[1] Reported in 91 N. W. 1111.

ceedings of the board, except as to the amount of the award, and Walter L. Badger, Joseph F. Moore and John F. Walter were appointed to re-appraise relator's damages.   Thereafter an order was made accepting the resignation of Badger and appointing Samuel H. Hall in his place.   The appraisers filed their report, wherein they awarded relator the sum of $12,400 in case he should elect to remove the building standing on the land, and $13,000 in case he should elect not to remove said building.   Thereupon relator moved to vacate said report, re-appraisal and award, which motion was denied by an order, Harrison, J., wherein an allowance of $15 each was made to the appraisers and directed to be taxed against relator.   Relator thereupon sued out this writ.   Writ quashed and cause remanded.

*John Lind* and *A. Ueland*, for petitioner.

*C. J. Rockwood*, for respondent.

LEWIS, J.

The park board commissioners of Minneapolis instituted proceedings under the provisions of the city charter to acquire the property of relator for park purposes.   Sp. Laws 1889, c. 30, § 3, subd. 5, reads as follows:

"If there should be any building standing, in whole or in part, upon any parcel of the land to be taken, the said appraisers shall, in each case, determine the amount of damages which should be paid to the owner or owners thereof in case such building, or so much thereof as may be necessary, should be taken, and shall also appraise and determine the amount of damages to be paid such owner or owners in case he or they should elect to remove such buildings."

The appraisers appointed by the board in the proceedings now under consideration made an award in the following form:

"In case the buildings and improvements shall not be removed, we award $14,242.   In case the buildings and improvements shall be removed, we award $13,642."

1. Objection was made by relator to the appraisement because the word "improvements" was added.   It is claimed that this was equivalent to a failure on the part of the arbitrators to put a valuation upon the building alone, and that therefore the award

was invalid. We do not think the objection is well taken. The language of the award must be given a reasonable construction. It is not infrequent to speak of a building as consisting of the building proper and improvements in the way of attachments or fixtures necessarily a part of it. The improvements, so considered, refer to such things as would necessarily be removed in connection with the building, and do not refer to improvements upon the lot independent of the building, such as sidewalks, grading, trees, etc.

2. Objection was also made to the appointment of Appraiser Hall in place of Mr. Badger. It appears that Mr. Badger was removed for the reason that he had formerly taken part in the appraisal of the identical property while a member of the Minneapolis Real Estate Board. The fact that he had formerly participated in estimating the damages of the identical property might tend to prevent him from entering upon a new inquiry with that degree of disinterestedness which the law imposes upon all such arbitrators, and it was perfectly proper for the court to remove him from the position and appoint another in his place.

3. The cross-examination of the witness Nickels was proper, for the purpose of testing his knowledge of the subject to which he had testified; and, although the cross-examination was conducted to a somewhat unusual extent, it does not appear that the court abused its discretion in permitting it.

4. It is true that a board of arbitrators is a quasi court, and the trial must be conducted, as far as may be, in accordance with the rules applicable thereto. Upon the one side it was contended that a former award of the appraisers appointed by the board to appraise the same property was evidence to be considered by the arbitrators then having the matter under consideration. This was objected to by the attorney for relator, and it does not appear whether the former award was received in evidence or considered by the arbitrators, and there is nothing in the record to indicate any prejudice one way or the other by virtue of the assertion mentioned.

5. The award is not contrary to the evidence, although many of relator's witnesses testify that damages were very much in ex-

cess of the amount returned by the arbitrators. The arbitrators were the sole judges of the credibility of the witnesses, and of the strength and character of their testimony, and there is nothing in the record to indicate prejudice or bias in arriving at their conclusion.

6. The charter provides that the award of appraisers appointed by the court upon appeal shall be final unless it is set aside by the court for good cause, and, in case such award is set aside, the court may, in its discretion, recommit the matter to the same appraisers, or appoint new appraisers, as it shall deem best, and the court shall allow a reasonable compensation for their services, and make such award of costs on such appeals, including compensation of appraisers, as it shall deem just in the premises. The court allowed the appraisers the sum of $45 for their fees, to be taxed and allowed against relator. We think this provision is not unconstitutional, in that it imposes an undue hardship upon the party desiring to appeal from an award. It is in the nature of costs and disbursements connected with the trial of the action, and is one of the burdens ordinarily imposed upon the unsuccessful litigant.

The writ of certiorari is quashed, and the cause remanded.