(159 App. Div. 410)

In re SENATOR STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   November 28, 1913.)

EMINENT DOMAIN (§ 265*) — STREET IMPROVEMENTS — "DISCONTINUANCE" OF PROCEEDINGS.

Where the change of street lines made in a street improvement proceeding did not wholly exclude applicants' property, but retained a substantial part thereof within the proposed street, and the interests of such applicants were not segregated, they being represented by the same attorney, there was no "discontinuance" of the proceeding as to them, within Greater New York Charter (Laws 1901, c. 466) § 1000, providing for taxation of the actual disbursements incurred by a party upon discontinuance of such proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 3, pp. 2088, 2089.]

Appeal from Special Term, Kings County.

Condemnation proceedings by the City of New York of lands for Senator Street, Brooklyn. Defendants moved to tax costs as on discontinuance. The motion was denied, and defendants appealed. Affirmed.

The following is the opinion of Kapper, J., at Special Term:

Granting that the city in street opening proceedings may discontinue as to a portion of the property within the lines of the contemplated improvement (Matter of Mayor, 52 Misc. Rep. 319, 102 N. Y. Supp. 159, affirmed 127 App. Div. 650, 111 N. Y. Supp. 895, and that affirmed without opinion in 193 N. Y. 658, 87 N. E. 1123), I am of the opinion that the change of plans in the case at bar does not come within section 1000 of the Charter, which provides for the taxation of the reasonable actual cash disbursements necessarily incurred by a party upon "discontinuance" of the proceedings. Prior to the revision of the Greater New York Charter in 1901 (Laws 1901, c. 466, § 1000, further amended by Laws 1906, c. 658, § 24), there was no authority for such taxation (Matter of Mayor, 34 App. Div. 468, 54 N. Y. Supp. 295). No reported case since the one last cited appears to have passed upon the question. The change of the street lines in the proceeding at bar did not wholly exclude the properties of the applicants, but retained a substantial part thereof, within

the proposed street. The same attorney appeared as to all of the property of each of the present claimants, as well that which was included before as after the change and there was never any segregation of the interests. My view is that the enabling act (section 1000, supra) did not contemplate such a state of facts as is here presented; that there was not "discontinuance" within the meaning of the section; but that there was simply an amendment of the proceeding. The section finds ample scope when applied to a discontinuance either as to a whole piece of property or to the entire proceeding, and it is not necessary to justice in this case that it should be made to apply to an amended proceeding by which a change of lines simply leaves out a part of the owner's property and retains a substantial portion thereof as a part of the new street.

Motions denied.

Argued before JENKS, BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Philip M. Bromberg, of Brooklyn, N. Y., for appellants.

Edward Riegelmann, of Brooklyn, N. Y. (Howard L. Campion, of New York City, on the brief), for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the opinion of Mr. Justice Kapper at Special Term.