In re POST OFFICE SITE IN BOROUGH OF THE BRONX. UNITED STATES v. WIENER et al. RANDEL et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

Nos. 73 and 74.

1. EMINENT DOMAIN (§ 133*)—RIGHT TO COMPENSATION—FIXTURES.

Where an engraving plant was located on premises condemned, the owner was entitled to compensation for a motor bolted to a platform about seven feet above the floor bolted through two walls with a heavy wooden column supporting the corner of it, a lathe weighing 3,500 pounds fastened to three concrete pillars resting upon the ground and built up through the floor, a special cylinder router weighing 300 pounds resting upon the floor and supported by two extra beams specially put under the floor to carry its weight and bolted through the floor into the beams, which machine was specially constructed for the building, a lathe milling machine weighing 800 pounds and bolted to the floor and fastened overhead to the ceiling, and a planer milling machine weighing 700 pounds built into the floor with angle irons bracing it, since in condemnation proceedings the rule as to fixtures is that which applies between vendor and vendee, and not the rule applying between landlord and tenant, and if the owner could not resume business in some other location with profit they should not be left with useless machinery on their hands.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 358–361½; Dec. Dig. § 133.*]

2. EMINENT DOMAIN (§ 247*)—RIGHT TO INTEREST ON AWARD ON JUDGMENT.

In a condemnation proceeding by the United States, interest was improperly allowed on the award, as, assuming that it was a final judgment, interest would not run against the United States, especially where the owner had the use of the property for the time during which he claimed interest.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

3. EMINENT DOMAIN (§ 95*)—ELEMENTS OF COMPENSATION—REMOVAL OF BUSINESS.

An owner of property condemned was not entitled to an allowance for the removal from the condemned premises of the business as distinguished from the plant and machinery.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 239–242, 244, 266–268, 273; Dec. Dig. § 95.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EMINENT DOMAIN (§ 265*)—COSTS—ALLOWANCE.

 In a condemnation proceeding by the United States, there was no authority for awarding costs against the United States.

 [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

In Error to the District Court of the United States for the Southern District of New York.

Proceeding by the United States to condemn and acquire land for a site for a United States post office in the borough of the Bronx, city of New York. To review a final order affirming the award of commissioners, the United States and Mary A. Randel and another bring cross-writs of error. Modified.

On cross-writs of error to the District Court for the Southern District of New York sued out by the United States and by Mary A. Randel and Fanny S. Norton to review the final order of the court confirming the award of commissioners appointed to ascertain and determine the amounts to be paid as damages to the owners of property in the borough of the Bronx which the United States desires as a site for a post office. With the exception of parcel 11 the objections to the confirmation of the report of the commissioners were taken by the United States and as to parcel 11 by both parties.

H. Snowden Marshall, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty., both of New York City.

Arthur L. Howe, of New York City, for Fanny S. Norton.

Philip B. La Roche, Jr., of New York City, for Matthew F. Norton's Sons, Mary A. Randel, and Fannie S. Norton.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The questions involved in the present controversy are whether the commissioners were right in allowing Fanny S. Norton, owner of the premises, 560, 561, and 562 Mott avenue, the sum of $3,890.80 for the machinery of an engraving plant located in the rear of said premises and the sum of $2,500 for damages incident to a change of the location of the business. These questions are presented by exceptions filed by the United States. The United States also excepts to the allowance to the landowners of interest and costs. The owners of the property insist that the various awards are insufficient for the reason that they do not take into consideration the expenses necessarily incurred for counsel, experts, etc., and which, if not allowed by the court, will have to be paid by them personally, and thus decrease, pro tanto, the amounts to which they are entitled as landowners. They also insist that they are entitled to an extra allowance under the provisions of the New York Code. These questions are presented by exceptions duly taken to the respective rulings.

[1] Was the award of $3,890.80 for the value of the machinery a proper one? There is no question as to the amount of the award; the contention of the United States is that the machinery is personal property and cannot be regarded as fixtures. It is argued, except as to a few pieces of machinery where the difficulty of removal is so small as to be almost negligible, that the entire plant can be readily removed without damage to the machinery or the freehold. If the business is

to be carried on elsewhere, these or similar machines will be needed. The United States does not want the machines, cannot use them, and, if compelled to pay for them, will have to sell or give them away. On the other hand, they are essential to the existence of the engraving plant. It is urged by the United States that the only damage to the owners of the plant is the expense of taking the machinery down, removing it, and setting it up in a new location. It is also argued that there is nothing to show that when the machinery was placed in the building it was with the intent that it should remain there permanently. For aught that appears, it will operate as well in any other similar building as, in the building which has been condemned. The owners contend, on the contrary, that the engraving plant is a part of the realty and cannot be removed without damage thereto; that some portions of the plant can only be used in the locality where they are now installed, being built with reference to the conditions and location of the present factory. Regarding some of this machinery the commissioners say:

"The motor is set up on a wooden platform about seven feet above the floor, bolted through two walls with a heavy wooden column supporting the corner of it. The motor is bolted to the platform.

"The Prentiss lathe is fastened to three concrete pillars which are built up through the floor. These pillars rest upon ground beneath the floor. The machine weighs about 3,500 pounds.

"The Royle special cylinder router weighs about 300 pounds and rests upon the floor, which is supported by a couple of extra beams specially put under the floor to carry the weight. The machine is bolted through the floor into the beams. Power is transmitted to these machines by a belt on a pulley. This machine was specially constructed for this building and this work.

"The lathe milling machine is 6 feet long, 2 feet wide, and 4 feet high and weighs about 800 pounds. It is bolted to the floor and is likewise fastened overhead to the ceiling.

"The planer milling machine is 8 feet long, 4 feet wide, and 4 feet high. Its weight is about 700 pounds. It is built into the floor with angle irons bracing it, in order to give it rigidity. It is operated by power from the shaft in the same way as the others. It has three counter shafts."

We are inclined to the opinion that in condemnation proceedings, where the property is taken in invitum, the rule which obtains is analogous to that between vendor and vendee and not that between landlord and tenant.

As was said in Re Park Com'rs (Super.) 1 N. Y. Supp. 763:

"If, by the lessees' consenting to a sale and transfer, the deed would vest in the purchasers perfect title to the whole as real property, how can a different result be arrived at when the purchase is enforced? The city, by instituting these proceedings, occupies the position of a purchaser."

See, also, Matter of City of New York, 118 App. Div. 865, 103 N. Y. Supp. 908; In re Mayor, 39 App. Div. 589, 57 N. Y. Supp. 657; In re Block Avenue A, etc., 66 Misc. Rep. 488, 122 N. Y. Supp. 321.

In the latter case the court says:

"The city took the entire buildings as they stood, including the trade fixtures therein, and for the purposes of this proceeding they must all be regarded as real property; that is, as between the tenant and the city, the trade fixtures were real property and must be paid for by the city the same as a building, and the tenant was under no more obligation to remove them than he would be to remove a building if he were the owner. As between

the tenant and the owner, however, the trade fixtures were personalty, and could be removed, and therefore any award made for them would go to the tenant."

We therefore reach the conclusion, though not without some doubt, that the award rightly treated the machinery as fixtures for which the United States should pay. The owners may conclude that they cannot resume business in some other location with profit and they should not be left with nearly $4,000 worth of useless machinery on their hands.

[2] We think the court below was in error in allowing interest on the awards for the following reasons:

First. Assuming that these are final judgments, interest will not run against the United States.

Second. The owners have had the use of the property until the present time and they are not entitled to the use of land and interest also.

[3] There seems to be no authority for an allowance for the removal of the business as distinguished from the plant and machinery. The District Court allowed $2,500 as damages which may result from the change of location. This was based upon hypothesis and speculation and we are unable to find any controlling authority to support the award.

[4] We know of no authority for the award of costs. The award of $2,500 and the items for interest and costs are disallowed; in all other respects the order is affirmed.

No costs of this court are allowed.