STATE BY CLIFFORD L. HILTON, ATTORNEY GENERAL v. F. T. CLAYDON AND OTHERS.[1]

June 11, 1926.

No. 25,377.

Costs and disbursements on appeal in condemnation proceeding for trunk highway.

Where an appeal is taken from the award of the commissioners in a proceeding to condemn the right of way for a trunk highway, the statute authorizes the court, in its discretion, to award or deny costs and disbursements to the prevailing party, but does not authorize it to award them to the losing party.

Eminent Domain, 20 C. J. p. 1141 n. 1.

Proceeding in the district court for Wadena county on behalf of the state by the attorney general to acquire right of way for a trunk highway. The commissioners appointed by Parsons, J., awarded defendants the sum of $930.75. The state appealed from the award on the ground that it was excessive. A jury reassessed damages at $394.75. Judgment was entered allowing neither costs nor dis-

[1]Reported in 209 N. W. 326.

bursements to the state. The state appealed. Modified.

*Clifford L. Hilton,* Attorney General, and *Victor E. Anderson,* Assistant Attorney General, for appellant.

*Mark & Barron,* for respondents.

TAYLOR, C.

This proceeding was instituted in the district court of Wadena county on behalf of the state by the attorney general to acquire the right of way for a trunk highway. The commissioners appointed to assess the damages to the several landowners for the lands taken for that purpose awarded the above named defendants the sum of $930.75. The state appealed from the award on the ground that it was excessive. The damages were reassessed by a jury who fixed the amount at the sum of $394.75. The state applied to the court for an order awarding to it the costs and disbursements incurred by reason of the appeal. The application was denied. Thereafter the defendants applied for an order awarding to them the costs and disbursements which they had incurred by reason of the appeal. This application was granted. Thereafter judgment was entered which, among other things, determined that the state was not entitled to costs and disbursements, and awarded costs and disbursements to the defendants as taxed and allowed therein. The state appealed.

Two questions are presented: Whether the state is entitled to recover costs and disbursements and, if not, whether defendants are entitled to recover them.

Although the amount involved is small, the question presented is of considerable importance as it frequently arises and seems not to have been passed upon since the change in the statute made in the revision of 1905. The statute, after providing that such appeals shall be tried according to the rules applicable to ordinary civil actions except as otherwise provided, adds:

"The court, in its discretion, may award to the prevailing party costs and the disbursements of the appeal." G. S. 1923, § 6550.

The former statute gave costs and disbursements to the prevailing party as a matter of right. The change in the statute evinces a

legislative intention to change that rule and to allow costs and disbursements only when awarded by the court in the exercise of its judicial discretion.

In the present case the state, having obtained a substantial reduction in the amount awarded as damages, is clearly the prevailing party on the appeal. But under the statute it is not entitled to costs and disbursements unless awarded to it by the court. It applied for such an award but the court denied the application, and we cannot say that the denial was an abuse of discretion.

The statute authorizes the court to award costs and disbursements to the "prevailing party," but does not authorize it to award them to any other party. The defendants are not the prevailing party, and consequently the statute did not authorize the court to award them costs and disbursements and the court erred in doing so.

The court is directed to modify its judgment by eliminating therefrom the amount allowed the defendants as costs and disbursements and when so amended the judgment will stand affirmed.