## IN RE IMPROVEMENT OF THIRD STREET, ST. PAUL. APPEAL OF CITY FROM DISALLOWANCE OF COSTS.[1]

January 17, 1930.

No. 27,626.

*Eugene M. O'Neill* and *Lewis L. Anderson,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Benno F. Wolff,* for McGill-Warner Company, respondent.

DIBELL, J.

The city of St. Paul condemned property of the McGill-Warner Company for the improvement of Third street. The company appealed to the district court from the ratification and confirmation by the city council of the findings of the commissioner of finance, who first made the award of damages. By § 271 of the charter the property owner appealing to the district court is required to furnish the city a bond "conditioned to pay all costs which may be awarded against appellant."

The city prevailed on the appeal to the district court. It then applied to the clerk of the district court to tax its costs. The clerk disallowed them. Appeal was taken to the district court, and the clerk was affirmed. This appeal followed. The view of the trial court was that costs are not taxable at common law and cannot be taxed in a proceeding such as this except as authorized by the

[1]Reported in 228 N. W. 925.

statute. The rule is as stated. Kroshus v. County of Houston, 46 Minn. 162, 48 N. W. 770; 2 Dunnell, Minn. Dig. (2 ed.) § 2198; 15 C. J. p. 21, § 3; 7 R. C. L. p. 781, § 2; Am. Dig. Costs, §§ 3-4.

The only mention of costs in the charter is in the portion quoted. The provision requiring a bond was suggested to be unconstitutional in In re Improvement of Third Street, St. Paul, 177 Minn. 146, 225 N. W. 86, though not of a character rendering the provision unconstitutional or the condemnation proceeding void. If the requirement was unconstitutional it would be ignored and nothing more serious would result. It seems a bit peculiar that the charter requires a bond for costs and does not impose them. It may have omitted them mistakenly; or its framers, mindful that costs are attached to judicial proceedings and that many attributes common to such proceedings were lacking, thought well to omit them. Whatever the reason, they are not given and the city cannot have them.

Order affirmed.