STATE, BY HENRY N. BENSON, ATTORNEY GENERAL, v.
JOSEPH A. LESSLIE AND OTHERS.
WALTER H. A. WOLF AND GERALD LYNCH,
RESPONDENTS.[1]

November 15, 1935.

No. 30,468.

[1]Reported in 263 N. W. 295.

*Harry H. Peterson,* Attorney General, *Ordner T. Bundlie,* Assistant Attorney General, and *John E. Katzmarek,* Special Assistant Attorney General, for the State.

*Sullivan & Neumeier,* for respondents.

HOLT, JUSTICE.

The state, the petitioner in the above entitled proceeding, under the eminent domain statute sought to acquire certain parcels of land for the widening of trunk highway No. 45 as located through Washington county. Each respondent owned one of the parcels sought to be taken by the proceeding. They were duly notified of the time and place of the meeting of the commissioners appointed by the court to appraise these parcels of land. The commissioners met accordingly, respondents appeared with their attorneys and witnesses, and, after two or more hearings and viewing the premises, the commissioners reported to the court, appraising the parcels proposed to be taken except the parcels of these respondents, Wolf and Lynch, and as to these two this entry was made: "Dismissed. See Supplement." The Supplementary Report, after describing these two parcels and three more, stated: "The above parcels have been dismissed by the State, and we have made no awards thereon." The report and supplementary report were made March 30, 1933, and on April 13, 1933, the attorney general discharged the parcels of land of respondents from the *lis pendens* filed when the proceeding to condemn was instituted. In August, 1934, each of these two respondents moved the court to dismiss the condemnation proceeding as to the parcel of land of each and for costs and disbursements, including counsel fee. The motions were granted, the court allowing each respondent $150 as counsel fee in addition to costs and disbursements to be taxed. The state appeals from these judgments entered pursuant to the findings.

The assignments of error all go to the propositions (1) whether respondents were entitled to judgment of dismissal, and (2) whether

counsel fees and costs and disbursements can be allowed against the state.

If respondents are entitled to disbursements, costs, or counsel fees on discontinuance or abandonment of a proceeding to take their land for a trunk highway, the entry of judgment therefor would clearly be proper. So consideration need only be given to the second proposition. In special proceedings, and such is a proceeding under eminent domain statutes, costs are not allowable unless expressly authorized by statute. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 2198; In re Improvement of Third Street, St. Paul, 179 Minn. 258, 228 N. W. 925. Respondents, however, point to 2 Mason Minn. St. 1927, § 6552, as express authority for costs, disbursements, and counsel fees, wherein a proceeding like the present is discontinued by the petitioner. It reads:

"All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioners' report. If the award be not paid within sixty days after such filing, or, in case of an appeal within the like period, after final judgment thereon, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceeding as against such land. And when the proceeding is so dismissed, or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses, including fees of counsel."

The state concedes that this statute authorizes the imposition of costs and expenses upon the petitioner in a condemnation proceeding who discontinues the same if such petitioner be not the state. But it is contended that the section quoted is not a part of L. 1927, c. 237 (2 Mason Minn. St. 1927, §§ 6557-1 to 6557-3), hence there is no authority for taxing costs against the state. It is to be noted that the title to c. 237 indicates that the purpose was to regulate the procedure not only for the state but also for its agencies and political subdivisions in eminent domain proceedings, to repeal §§ 6556 and 6557, and to provide for costs and disbursements to the prevailing party on appeals therein. The first section of the

chapter makes clear that it was to become a part of c. 41 (the chapter in the 1905, 1923, and 1927 Codes dealing with the right of eminent domain), and the last section thereof that it was to take the place of §§ 6556 and 6557 of c. 41 of the prior Codes. While L. 1927, c. 237, § 1(b) (§ 6557-1[b]) makes it mandatory instead of discretionary, as in § 6550, to allow the prevailing party on appeal costs and disbursements, there is nothing in L. 1927, c. 237, which by implication repeals any other provision contained in 2 Mason Minn. St. 1927, c. 41 [§ 6537 *et seq.*], except the two sections specifically named. We must therefore conclude that § 6552 thereof applies to all eminent domain proceedings whether instituted by the state or its agencies or by others. Hence, when it appears, as here, that after hearings before the commissioners have been had and expenses therein have been incurred by the owners of certain parcels of land sought to be taken, "the proceeding * * * is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses, including fees of counsel." No doubt this provision was inserted so that the owner of lands should not be put to futile and unnecessary trouble and expense in protecting his interests, and then whenever the petitioner saw fit, either before or after the commissioners filed the appraisal or award, the proceeding could be discontinued or abandoned to be later again instituted. We think § 6552 applies as well to a discontinuance of a condemnation proceeding by the state as by any other petitioner. This finds support in State, by Hilton, v. Umberger, 160 Minn. 197, 199 N. W. 906, G. S. 1913, § 5410, therein referred to, being § 6552 in the present Code. It is not conceivable that the legislators intended to protect the owner only when others than the state and its agencies were proceeding to take his land. by virtue of the right of eminent domain. Where the petitioner discontinues the proceeding, it is for the court to say whether the owners should be reimbursed for the expenses he has been put to. It is claimed here that the state has been disappointed in the amount of funds available for highway purposes. The court was justified in considering this a lame excuse in view of the fact that as to only five scattered parcels, on the project to widen this trunk highway

through Washington county, the proceeding was discontinued. We need not determine the real ground for the discontinuance. It is enough that there was no real substance to the one claimed. In fact, the record shows that when the state ascertained that the commissioners would appraise the two parcels of respondents at $1,500 and $3,000, the state, deeming that too high, directed the commissioners to make the entries quoted above.

There is a claim that the counsel fees allowed are excessive. We cannot see how the state can with candor urge such a proposition in this court in view of its motion in the trial court to replace the findings made and filed with proposed findings wherein one is in these words:

"11. That pursuant to said retainer and employment of said attorneys, Messrs. Sullivan & Neumeier, by said respondent, said attorneys rendered legal services for said respondent as hereinbefore set forth and that the reasonable value thereof is the sum of One Hundred and Fifty Dollars ($150), and respondent incurred costs and disbursements in procuring witnesses to attend and testify at the hearing of said commissioners * * *."

The application for counsel fee and costs was heard upon affidavits. Nothing in the affidavits presented by appellant controverted the value of the services of respondents' attorneys as stated in the affidavits presented by them to be the sum of $250 in each case.

That the procedure here followed to obtain the costs provided by § 6552 in the condemnation proceeding itself rather than by independent action was determined in McRostie v. City of Owatonna, 152 Minn. 63, 188 N. W. 52.

The judgments are affirmed.