# MINNEAPOLIS-SAINT PAUL SANITARY DISTRICT v. JOHN F. FITZPATRICK.[1]

May 1, 1936.

No. 30,821.

*Oscar Hallam* and *Bruce J. Broady,* for appellant.

*Lewis L. Anderson, Edgar G. Vaughan,* and *Doherty, Rumble & Butler,* for respondent.

STONE, JUSTICE.

Minneapolis-Saint Paul Sanitary District, a public corporation organized under L. 1933, c. 341, 3 Mason Minn. St. 1934 Supp. §§ 1607-8 to 1607-30, appeals from a judgment allowing John F. Fitzpatrick $2,000 for attorney's fees and $265 for witness fees and other disbursements upon what was held to be a dismissal or discontinuance of the condemnation proceeding against a tract of land owned by him.

The brief facts are these: The petition for condemnation described the land to be taken as: "All of Government Lot Two (2) in Section Nine (9), Township Twenty-eight (28) North, Range

[1]Reported in 266 N. W. 848.

Twenty-two (22) West, subject to easement for railroad purposes over the right of way of the St. Paul Bridge & Terminal Railway Company as now located across said lot." That tract contains 51 acres. It is the fractional east half of the southeast quarter of section 9, bounded on the west by the Mississippi River and on the east by the section line. Roughly speaking, it is half of an oval. Running roughly parallel to the straight east line is the railroad right of way mentioned in the description, east of which lies what counsel tell us is about one-third, in area, of the whole tract. Mr. Fitzpatrick testified that in value the strip east of the railroad was about one-fourth of the whole. Neither east nor west of the railroad are there any buildings, and there has been no use of any of the tract outside of the railroad right of way.

While the matter was pending before the commissioners appointed to assess the damages, after much but not all of the testimony had been taken, the petitioner procured an order amending the petition so as to omit the portion of the tract east of the westerly line of the railroad right of way and dismissing the proceeding as to the area so omitted. For the reduced acreage actually taken under the amended petition, the commissioners, as of June 7, 1935, awarded damages in the sum of $30,718.75.

Proceeding by order to show cause, Mr. Fitzpatrick, respondent here, procured an order determining and allowing his attorneys fees and disbursements, supposedly chargeable to petitioner because of the amendment and consequent dismissal as to the land thereby eliminated, and directing that judgment be entered in his favor and against the petitioner accordingly. From the judgment entered pursuant thereto this appeal is taken.

Statutory provisions as to the allowance of costs and disbursements in civil actions are not applicable to condemnation proceedings. Therein such allowances can be made only when expressly authorized by statute. State, by Benson, v. Lesslie, 195 Minn. 408, 263 N. W. 295. Hence, on both sides, the case has been argued from the standpoint of the statutes especially applicable to such proceedings. Among them is 2 Mason Minn. St. 1927, § 6552. It reads in part as follows:

"All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioners' report. If the award be not paid within sixty days after such filing, or, in case of an appeal within the like period, after final judgment thereon, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceeding as against such land. *And when the proceeding is so dismissed, or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses, including fees of counsel.*"

We italicize the language which in argument has been advanced as controlling decision one way or the other.

Under a literal interpretation of the statute there would have to be a dismissal of the petition *in toto* in order to authorize any allowance of costs and disbursements. But to go to that extreme would defeat the purpose of the law, which was, we think, to authorize the allowance whenever there is discontinuance of the proceeding as to any separate parcel (although the proceeding continues against others in the same ownership) as to which there is a severable controversy as to value and damages. Where there are severable controversies and the subject matter of one is removed from the field of litigation by a dismissal, we hold that the statute applies. But where, as here, the tract eliminated by dismissal and amendment of the petition is part of a larger area, the residue of which is taken and the controversy as to its value and the resulting damages is not severable as a separate issue, no allowance is authorized. There was but one issue at the beginning, never two. Its subject matter was reduced in quantity by the so-called dismissal, which was in essence nothing more than an amendment of the petition. Hence our decision here is not controlled by that in State, by Benson, v. Lesslie, 195 Minn. 408, 263 N. W. 295. There the state, having started condemnation proceedings against certain parcels of land, including those of the respondents, discontinued the proceedings entirely as far as the respondents were concerned, and they were properly allowed costs and expenses, including counsel fees.

278 ·

In accord with our view is In re Senator Street, 159 App. Div. 410, 145 N. Y. S. 266.

The judgment appealed from is reversed.

I. M. OLSEN, JUSTICE (dissenting).

The object of the statute, 2 Mason Minn. St. 1927, § 6552, is to compensate the landowner for expenses and attorney's fees incurred in a condemnation proceeding where, by a dismissal or discontinuance of the proceeding, the expenses and attorney's fees so incurred become of no use or benefit to the landowner. A reasonable construction of the statute would seem to make it applicable whether the discontinuance is as to the entire proceeding or as to all or a material part of the property of one landowner only. Whether such discontinuance is by amendment of the petition or by an order for dismissal on motion of the petitioner is not important.

The petitioner sought to condemn 51 acres of land. After the owner had employed attorneys, secured the attendance of expert witnesses, made all necessary preparation for hearing and trial of the matter before the commissioners, and after practically all the evidence had been presented, the petitioner discontinued the proceeding as to about one-third of the land to be taken and amended its petition so as to exclude such one-third part. It appears that the 51-acre tract is divided into two parts by a railroad right of way and track. The 15-acre tract as to which the proceeding was discontinued is on one side of this right of way, and the remaining tract is on the other side and extends to the Mississippi River. At the hearing, for some 13 days, there was considerable evidence presented by several witnesses for the landowner as to the relative value of the land on each side of the right of way. The owner and his attorneys necessarily had to prepare for trial and present evidence before the commission as to such values and as to damages for severance of the land to be taken from other land owned by respondent. After that was done the petitioner discontinued as to the 15-acre tract.

While the underlying fee title to the land under the railway right of way remains in the landowner and the discontinuance includes

such fee, the two tracts are for all practical purposes separated by the railroad. I fail to see any difference between the allowance of expenses and attorney's fees where, as here, the discontinuance is as to a part of the land of one owner, constituting a separate and substantial part of the land sought to be taken, and an allowance thereof in a case where the discontinuance is as to all the property sought to be condemned as to one owner. In neither case is there a discontinuance of the proceeding as to other property or of the entire proceeding. In State, by Benson, v. Lesslie, 195 Minn. 408, 263 N. W. 295, such allowance was upheld where the proceeding was dismissed as to land owned by each of two parties although the proceeding was not discontinued or dismissed as to other land-owners. The statute is remedial and intended to compensate land-owners for expenses incurred which, by action of the condemner, are rendered of no value and are lost to the landowner. The statute should be so construed as to carry out its manifest purpose. The case of In re Senator Street, 159 App. Div. 410, 145 N. Y. S. 266, 267, does not lend much support to the contrary view. In that case there was merely a small change of the line of the new street, and the court said, as to the charter provision there considered [159 App. Div. 411]: "The section finds ample scope when applied to a discontinuance, either as to a whole piece of property or to the entire proceeding." In our present case there was a discontinuance as to a whole piece of property.

The burden of proof, of course, rests upon the landowner to the amount of expense incurred by him in excess of what he would have incurred if the tract later dismissed had not been included in the proceeding up to the time of such dismissal. In other words, he must show the amount of expense lost to him because of the discontinuance as to the tract in question.

The opinion refers to the fact that the land here discharged from the proceeding, as well as the land retained, constituted one government lot, as shown by the original government survey. But there was a distinct change in the situation when the right of way of the railroad company was established and the railroad built so

as to separate the government lot into two parts. The effect was similar to the location of a public street or highway through the original tract. It was more of a separation than if a public street had been located where the railroad right of way was located. If a public street is established across an owner's land he retains the right of access to the street from his land and the right to travel thereon and cross the street from side to side. In the case of a railroad right of way, he becomes a trespasser if he enters thereon unless there be a crossing established to permit going across. If, for instance, a public street is laid out across the land of an owner so as to leave blocks of his land on each side of the street, it could not well be said that two of such blocks on opposite sides of the street were not separate tracts.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.