## UNITED STATES v. 251.81 ACRES OF LAND IN MEADE COUNTY, KY., et al.

### No. 337.

District Court, W. D. Kentucky,
at Louisville.

Feb. 5, 1943.

82

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for plaintiff.

Faurest & Faurest, of Elizabethtown, Ky., for defendants.

MILLER, District Judge.

In this condemnation proceeding United States of America acquired title to a tract of land in Meade County, Kentucky owned by the defendant C. G. Campbell. The landowner contends that in addition to the compensation awarded by the jury's verdict, he is entitled to the payment by the Government of certain costs incurred by him as witness fees in the trial of the action. The Government objects to the payment of such costs.

The Commissioners appointed by the Court appraised the property at $22,700. The Government excepted to so much of the award as was in excess of $14,000. The jury's verdict was in the sum of $16,500, which amount with proper interest has been paid in to the registry of the court. The Government contends that just compensation which the Fifth Amendment of the U. S. Constitution requires to be paid for the property so taken does not include anything in excess of the amount awarded by the jury's verdict. The landowner contends that the question is controlled by the law of Kentucky, which gives to the landowner in condemnation proceedings the court costs incurred by him in the trial, in addition to the amount awarded by the verdict.

It is well settled that in the absence of legislation by Congress authorizing costs against the Government, they can not be imposed in any suit to which the Government is a party. The principle is that the sovereign power is not amenable to judgments for damages or costs without its own consent. Carlisle v. Cooper, 2 Cir., 64 F. 472; Treat v. Farmers' Loan & Trust Co., 2 Cir., 185 F. 760, 763; United States v. Chemical Foundation, Inc., 272 U. S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131; United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887.

The landowner seeks to avoid the effect of this rule by pointing out that under the Act of August 1, 1888, Sections 257 and 258, 40 U.S.C.A., which is the statutory authority for the bringing and prosecution of this action, it is provided that the practice, pleadings and modes of proceedings shall conform as near as may be to the practice, pleadings and proceedings existing at the time in like causes in the courts of the State within which such District Court is held. It is also pointed out that under the Act of July 2, 1917, Section 171, 50 U.S.C.A., which gives special permission to the Secretary of War to institute condemnation proceedings of land to be used for military training camps, it is provided that such proceedings be prosecuted in accordance with the laws relating to suits for the condemnation of property of the states wherein the proceedings may be instituted. Condemnation proceedings in the state courts of Kentucky are instituted under the provisions of Sections 835 through 840a of Carroll's Kentucky Statutes 1936 Edition, being carried as Section 416.010 and following in the Kentucky Revised Statutes of 1942. These sections of the Kentucky Statutes have been construed by the Court of Appeals of Kentucky as requiring the condemnor to pay the costs incurred in the first jury trial, in addition to the ultimate award for the land. Music v. Big Sandy & Ky. River R. R. Co., 163 Ky. 628, 174 S.W. 44, Ann.Cas.1916E, 689. The landowner contends that this combination of Federal statutes and State statutes supplies the necessary authority for the payment of costs by the Government.

It seems clear that the landowner's basic complaint, namely, that just compensation

necessarily includes costs and expenses in order that he may receive the full fair market value of the land, is not in accord with the rule laid down by the Supreme Court. In Dohany v. Rogers, 281 U.S. 362, 368, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; it was held that attorney's fees and expenses incurred in trying the case are not included within the term "just compensation" which must be paid by the Government for the land being taken. In the recent opinion of United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. ——, decided January 4, 1943, the Supreme Court of the United States specifically held that in a condemnation proceeding in the Federal Court it was not necessary to determine what was the local law, for the Federal statutes require only that a Federal Court shall adopt the forms and methods of procedure afforded by the law of the State in which the Court sits, and that such forms and methods of procedure could not affect the measure of compensation which was grounded upon the Constitution of the United States. The question presented by this case has been previously passed upon by a number of Federal Courts. In all of the following cases the Court held that the Government was not required to pay the costs incurred by the landowner in the condemnation proceedings: In a number of them it was specifically pointed out that the Act of August 1, 1888, above referred to, was not intended to authorize the payment of costs by the Government in states where the local law required the condemnor to pay such costs: Carlisle v. Cooper, supra, 2 Cir., 64 F. 472; In re Postoffice Site, 2 Cir., 210 F. 832; Kanakanui v. United States, 9 Cir., 244 F. 923; C. M. Patten & Co. v. United States, 9 Cir., 61 F.2d 970; United States v. Wade, D.C.Idaho, 40 F.2d 745; In re Hastings Lock & Dam, D.C.Minn., 2 F. Supp. 324; United States v. Certain Lands, D.C.E.D.N.Y., 43 F.Supp. 418. Of the several Federal authorities relied upon by the landowner, the only one which seems to have given the question any consideration is United States v. Engeman, D.C.N.Y., 46 F. 898. That ruling seems to have been long since departed from by both subsequent District Court and Circuit Court rulings in the same Circuit, which cases are included in those hereinabove referred to.

The defendant's motion for payment of his costs by the Government is overruled.