STATE, BY J. A. A. BURNQUIST, ITS ATTORNEY GENERAL,
v. MILLER HOME DEVELOPMENT, INC., AND OTHERS.
R. J. NASLUND AND OTHERS, APPELLANTS.[1]

August 6, 1954.

No. 36,130.

[1]Reported in 65 N. W. (2d) 900.

2

*Catherwood, Hughes & Alderson* and *Samuel P. Halpern,* for appellants.

*J. A. A. Burnquist,* Attorney General, *Louis B. Brechet,* Deputy Attorney General, and *Bert McMullen* and *John M. Sharp,* Special Assistant Attorneys General, for the State.

MATSON, JUSTICE.

Appellants appeal from an order taxing costs and disbursements against them in a condemnation proceeding brought by the state.

The state petitioned the district court to condemn certain parcels of land in Mower county for trunk highway purposes. Notice of the hearing thereon was sent to the affected parties including the appellants herein, who are owners of a tract which in part was to be taken and which part was described in the petition as "Parcel 12." Included in the petition was a request for the taking of *a right of access* from that part of the appellants' track which was not to be taken. A hearing was held on May 12, 1952, at which the appellants filed written objections to the taking of parcel 12. Subsequent to the hearing the appellants withdrew their objection in return for a stipulation reducing the size of the parcel to be taken and providing for the abandonment of the proposed taking of the right of access. A new description in accord with such reduction and abandonment was then substituted for the one contained in the original petition, and on that basis the court approved the condemnation and appointed commissioners to meet and ascertain the damages occasioned by the taking.

The commissioners made an award of $42,264 to the appellants. Subsequently, both the state and appellants appealed to the district court from the award, and on January 24, 1953, the jury assessed the damages due appellants at $39,559. Thereafter, the state moved the court for an order allowing it to tax costs and disbursements and witness fees against appellants, and appellants in turn moved to be allowed to tax their costs, disbursements, and witness fees against the state. In addition, appellants further moved the court for an order allowing them to tax costs, expenses, and fees of counsel incurred *in defending the taking of the right of access—the taking of which had been abandoned by the stipulation.*

The court denied appellants' motion in its entirety, granted the state's motion, and ordered taxation of costs and disbursements against the appellants consisting of $956.60 in expert witness fees. Appellants appealed from this order.

We are concerned with the following issues:

(1) Is the prevailing party, for the purpose of awarding costs and disbursements pursuant to M. S. A. 117.20(2), the litigant who prevails on the issues determined by an appeal from the award of the commissioners to the district court, or is he the litigant who irrespective of such appeal ultimately prevails in the eminent domain proceeding as a whole?

(2) Is a statute which authorizes an award of costs and disbursements against a landowner who has not prevailed upon an appeal unconstitutional because an award of such costs and disbursements operates to diminish the amount of "just compensation" guaranteed to said landowner by Minn. Const. art 1, § 13?

(3) Where, with respect to the proposed taking of a tract of land, the amount of land to be taken by the state is reduced by a stipulation which also provides for the abandonment of the taking of *a right of access* from the land not to be taken, does such abandonment of the right of access relate to a severable controversy with respect to which the condemnee is entitled to costs and expenses, inclusive of attorney's fees, as provided in § 117.16?

In eminent domain proceedings instituted by the state wherein an appeal is taken to the district court from the award of the commissioners, is the *prevailing party*, for the purpose of awarding costs and disbursements pursuant to § 117.20(2), the litigant who prevails with respect to the particular issues raised and determined by such appeal, or is the prevailing party the litigant who ultimately prevails in the entire condemnation proceeding in and of which the appeal to the district court is but one of a series of authorized procedural steps? We are here concerned with § 117.20(2) which expressly states that "upon appeal [to the district court] the prevailing party shall recover costs and disbursements." In construing statutory language the former law, including other laws upon the same or similar subjects, may be considered. § 645.16(5). Prior to 1905 the statute governing appeals to the district court specifically provided (without using the words "prevailing party") that, if the landowner appealed and the award to him of damages was increased,

he should recover costs, and if the award was not increased, he should pay the costs. The statute similarly provided that if the state appealed and did not secure a decrease in the award it should pay the costs, but if it did secure a decrease the landowner should pay costs. See, G. S. 1894, § 4088. In 1905 what is now M. S. A. 117.14 was enacted providing that the court could award costs to the *prevailing party* at its *discretion*. In 1927 what is now § 117.20 was enacted providing that, in cases where the state was the condemnor, the costs on appeal *shall* be awarded the "prevailing party." In the light of the words of the 1894 statute (§ 4088), it seems clear that, when the words "prevailing party" were first adopted in 1905 in enacting the progenitor of § 117.14 and again in 1927 in enacting the progenitor of § 117.20, the legislature intended such words to designate the party who was successful with respect to the immediate and particular issues determined by the appeal. In effect we so held in State ex rel. Hilton v. Claydon, 167 Minn. 505, 209 N. W. 326, with respect to the 1905 progenitor of § 117.14. In other decisions this court has impliedly used the words "prevailing party" with the same meaning.[2] We can only conclude that the prevailing party who must be awarded his costs and disbursements under § 117.20(2) is the party who prevailed upon, or succeeded with respect to, the particular issues raised and determined by the appeal to the district court and not the party who ultimately prevails upon the completion of the entire condemnation proceeding.[3] The state was here the prevailing party on the appeal since it obtained a reduction in the landowner's damages from $42,264 to $39,559.

Appellants contend, however, that they are nevertheless entitled to their costs and disbursements under Rules of Civil Procedure,

[2] See, In re Improvement of Third Street, 179 Minn. 258, 228 N. W. 925; State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770; State, by Peterson, v. Bentley, 231 Minn. 531, 45 N. W. (2d) 185.

[3] We have not overlooked the decisions of certain other jurisdictions which hold that the condemnee is the prevailing party if he ultimately recovers any damages upon the final completion of the entire condemnation proceedings. See, Burrill v. Martin, 12 Me. 345; New Haven & N. Co. v. Northampton, 102 Mass. 116; Bangor & P. R. Co. v. Chamberlain, 60 Me. 285; 30 C. J. S., Eminent Domain, § 384; 18 Am. Jur., Eminent Domain, § 378.

Rule 68.01 (offer of judgment) and Rule 68.02 (tender of money in lieu of judgment). We need not determine whether these sections have any application to special proceedings of eminent domain[4] since no offer of judgment or tender of money in lieu of judgment within the meaning of these sections was made in these proceedings.[5]

We come to the primary question of the constitutionality of § 117.20 (2) pursuant to which costs and disbursements were allowed against the landowner. May the costs and disbursements of the prevailing-party condemnor, incurred on an appeal from the award of the commissioners, be constitutionally assessed against the landowner without diminishing, and therefore without impairing his constitutional right to, the "just compensation" as guaranteed by Minn. Const. art. 1, § 13? Fundamentally the issue is whether the constitutional guarantee of "just compensation" means that the owner shall receive the entire amount of damages awarded to him by the jury without any deduction for costs and disbursements or that he shall receive the amount of the verdict minus such costs and disbursements. On this issue the authorities are in conflict.[6] Although some jurisdictions hold that the constitutional words "just compensation" require that the condemnor pay the costs on appeal no matter who prevails,[7] that has not been the view of this

---

[4]See, State, by Benson, v. Lesslie, 195 Minn. 408, 263 N. W. 295; Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 197 Minn. 275, 266 N. W. 848; 5 Dunnell, Dig. (3 ed.) § 2198, and 6 Dunnell, Dig. (3 ed.) § 3118.

[5]For examples of effective offers, see the answers filed in the cases of Grill v. Blakeborough, 189 Minn. 354, 249 N. W. 194, and Watkins v. W. E. Neiler Co. 135 Minn. 343, 160 N. W. 864, in which the defendants asked judgment to be entered against themselves for certain amounts.

[6]See, Jahr, Eminent Domain, §§ 289 to 294; 18 Am. Jur., Eminent Domain, § 378; 30 C. J. S., Eminent Domain, §§ 381, 384; 11 McQuillin, Municipal Corporations (3 ed.) § 32.96; Annotation, 36 L.R.A.(N.S.) 624; Ann. Cas. 1912C, 533; Ann. Cas. 1917E, 262; 2 Lewis, Eminent Domain (3 ed.) § 812. For a comparison of the two lines of authorities, see Grand River Dam Authority v. Jarvis (10 Cir.) 124 F. (2d) 914.

[7]For authorities and decisions to this effect, see 2 Lewis, Eminent Domain (3 ed.) § 812; City of Oakland v. Pacific Coast Lbr. & Mill Co. 172 Cal. 332, 156 P. 468; Ann. Cas. 1917E, 262; Matter of New York, W. S. &

court. We have consistently held that, in the special proceeding of eminent domain, the allowance of costs and disbursements is purely statutory and that they may be awarded only as expressly authorized and as prescribed by statute.[8]

Our decisions, and especially that of State ex rel. Turnblad v. District Court, 87 Minn. 268, 91 N. W. 1111, indicate that we have treated the taxation and allowance of costs and disbursements as a procedural element and not a matter of substance involved in the constitutional concept of "just compensation." Illustrative of the Minnesota view that the allowance of costs and disbursements is not an element to be considered in fixing "just compensation" (although the issue was not specifically raised therein) is our holding in State, by Peterson, v. Bentley, 224 Minn. 244, 247, 28 N. W. (2d) 179, 770, 771, that appeal costs and disbursements in a condemnation proceeding cannot be taxed against the sovereign state in the absence of its express statutory consent.[9] The federal courts have in effect likewise interpreted the words "just compensation"[10] as a substantive concept separate and distinct from the procedural burden of the costs and disbursements which a litigant bears in any adjudication of his property rights.[11]

B. Ry. Co. 94 N. Y. 287; Peoria, B. & C. Traction Co. v. Vance, 251 Ill. 263, 95 N. E. 1081, 36 L.R.A.(N.S.) 624, Ann. Cas. 1912C, 532.

[8]Andrews v. Town of Marion, 23 Minn. 372; State, by Benson, v. Lesslie, 195 Minn. 408, 410, 263 N. W. 295, 296; Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 197 Minn. 275, 266 N. W. 848; 5 Dunnell, Dig. (3 ed.) § 2198; see, Johnson v. Chicago, M. & St. P. Ry. Co. 29 Minn. 425, 430, 13 N. W. 673, 674; see, Kroshus v. County of Houston, 46 Minn. 162, 48 N. W. 770.

[9]See, 6 Nichols, Eminent Domain (3 ed.) § 30.2; 17 McQuillin, Municipal Corporations (3 ed.) § 49.46.

[10]See, Constitution of the United States, Revised and Annotated (1952) pp. 1062, 1063.

[11]See, In re Hastings Lock and Dam (D. Minn.) 2 F. Supp. 324; United States v. 254.35 Acres of Land, etc. (W. D. La.) 46 F. Supp. 913; United States v. 251.81 Acres of Land, etc. (W. D. Ky.) 50 F. Supp. 81; Constitution of the United States, Revised and Annotated (1952) pp. 869, 1066, 1067; Dohany v. Rogers, 281 U. S. 362, 50 S. Ct. 299, 74 L. ed. 904, 68 A. L. R. 434; Carlisle v. Cooper (2 Cir.) 64 F. 472; In re Post Office Site

The basic soundness of the view that expenses of eminent domain litigation are not a part of the damages which are embraced within the concept of "just compensation" was well expressed by Judge Nordbye in In re Hastings Lock and Dam (D. Minn.) 2 F. Supp. 324, 329, when he said:

"* * * When one reflects that costs in all law actions are solely creatures of statute, and that the common law did not recognize the right of any litigant to recover costs, and that under no circumstances can costs be taxed against the United States without its consent, it becomes quite apparent that, in condemnation proceedings, the constitutional framers did not have in mind the allowance of any costs when they used the term 'just compensation,' but merely inculcated into the bill of rights a check on the sovereign in the exercise of right of eminent domain, so that all citizens would be guaranteed the reasonable and fair market value of the property taken. *No good reason appears to the court why any distinction should be made between the right of property owners in condemnation proceedings, and the other litigants that come into our courts for redress when property rights have been violated.*" (Italics supplied.)

We hold therefore that § 117.20 (2), which authorizes an award of costs and disbursements against a landowner who has not prevailed upon an appeal, is constitutional and that the award of such costs and disbursements does not impair the landowner's right to the "just compensation" guaranteed to him by Minn. Const. art. 1, § 13, and by U. S. Const. Amend. XIV.

■ Appellants' final contention is that the abandonment of the taking of their right of access to the highway entitles them to costs and disbursements including fees of counsel pursuant to § 117.16 which, insofar as here pertinent, provides:

"* * * When the proceeding is so dismissed or the same is discontinued by the petitioner the owner may recover from the petitioner reasonable costs and expenses including fees of counsel."

in Borough of the Bronx (2 Cir.) 210 F. 832; Simms v. Dillon, 119 W. Va. 284, 193 S. E. 331, 113 A. L. R. 787.

Although under a literal interpretation of this section there would have to be a dismissal of the entire condemnation proceeding in order to authorize any allowance of costs and expenses, this court has heretofore rejected a literal construction and ruled that the statute applies where there are severable controversies in the same proceeding and the subject of one of them is removed from litigation by dismissal. Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 197 Minn. 275, 266 N. W. 848; see, State, by Benson, v. Lesslie, 195 Minn. 408, 263 N. W. 295. Under this construction it has been held that the dismissal of the proceeding as to one of several parcels of land, or as to part of a parcel, entitled the owner thereof to the benefits of this statutory provision even if he also owned the remaining parcels, or part of a parcel, against which the proceeding is continued. State, by Benson, v. Lesslie, *supra.*

Does § 117.16, as above construed, apply to an incorporeal hereditament such as a right of access on the theory that it involves an independent property right which must be compensated for when taken or impaired and which may be the subject of a controversy severable from the rest of the proceeding? We have already held that a right of access is an independent property right which must be compensated for if taken or impaired and that it may be taken separate and apart from the land to which it is appurtenant.[12] Of course, if the entire dominant tenement is condemned, the right of access is taken too for it is appurtenant to the land. Where, however, only part of the dominant tenement is taken, or where the right of access alone is taken, it is clear that the issue as to the taking of the right of access involves an independent and severable controversy. It was so treated by the parties to this action, for in the original petition the state moved to condemn part of appellants' land and *also* to take appellants' right of access to the highway, which appellants would have had by virtue of the fact that the remainder of their tract would abut upon the highway. Appellants opposed these proceedings and later a stipulation was executed by

[12]Adams v. Chicago, B. & N. R. Co. 39 Minn. 286, 39 N. W. 629, 1 L. R. A. 493; Burnquist v. Cook, 220 Minn. 48, 19 N. W. (2d) 394.

which the state reduced the size of the parcel to be taken and abandoned the proposed taking of this right of access. By virtue of such abandonment, appellants retained a property right which the proceedings theretofore had placed in jeopardy. The right of access here was just as much a separate issue as if it had been a parcel of land, and in this case it was undoubtedly a valuable property right. Part of the expenses incurred by the appellants in the proceedings are attributable to the severable issue concerning such right of access, and appellants are entitled to recover their reasonable costs and expenses including fees of counsel as granted by § 117.16.

We see no merit in the state's contention that appellants by entering into the stipulation released their rights under § 117.16. Appellants' rights under § 117.16 do not depend upon the state's acting to discontinue the proceeding without the landowner's consent. Furthermore, it is to be noted in this case that the stipulation does not evidence an intent by the appellants to release any rights which had accrued to them under § 117.16. By entering into the stipulation the appellants did nothing more than withdraw their opposition to the condemnation proceeding in return for a stipulation reducing the size of the parcel to be taken and in return for the abandonment of the proposed taking of the right of access.

The order of the trial court is affirmed *except as modified by this opinion with respect to the right of access,* and the case is remanded to the trial court for a determination of appellants' costs and expenses under § 117.16 in accordance with this opinion.

Affirmed as modified.

MR. JUSTICE NELSON took no part in the consideration or decision of this case.