STATE of Minnesota, By Douglas M. HEAD, Its Attorney General, Appellant,

v.

Madge SAVAGE, et al., and Bernard R. Young, et al., Respondents-below, S.P. 7380 (94–392) 906; Parcel 14—A. C. Petters; Parcel 18—James Miller, et al.; Parcel 20—Gerald Weyrens; Parcels 21 and 30—Albert Backer, et al.; Parcel 22B—American Oil Co., Respondents.

Nos. 46560–46564 and 47443–47447.

Supreme Court of Minnesota.

May 20, 1977.

Warren Spannaus, Atty. Gen., Eric B. Schultz, Deputy Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Murphy, Provinzino, Neils & Connell and Thomas J. Murphy, St. Cloud, for respondents.

Heard before KELLY, TODD and WINTON, JJ., and considered and decided by the court en banc.

CRANE WINTON, Justice.*

This case comes here on appeals by the state from five orders denying new trials. The trial court granted costs, expenses, and attorneys fees incurred by landowners in eminent domain proceedings initiated by the state in 1968 but dismissed in 1970 before awards were filed with the trial court. Subsequently, judgments were entered on those orders, and the state appealed therefrom. All appeals have been consolidated for consideration and disposition. For the reasons hereafter given, the judgments are reversed, and the causes remanded to the trial court with directions to enter judgments in accordance with this opinion.

The subject land is situated in Stearns County on the outskirts of St. Cloud and was to be taken in the course of acquiring a right of way for the interstate highway system. Although the state had announced the route of its proposed taking approximately 10 years earlier, formal condemnation proceedings were not commenced until July 12, 1968, when the state filed its petitions in each of the consolidated cases. Thereafter, the state twice requested and was given extensions of time for filing the commissioners' awards. The third and final request, which was for a 6-month extension and which was made on January 9, 1970, after a public announcement that the portion of the proposed route through respondents' land had been abandoned, resulted in an extension of 10 days only. Thereafter, on January 23, 1970, the state dismissed the eminent domain proceedings affecting the parcels of land owned by respondents.

Subsequently, each of the parcel owners brought a motion pursuant to Minn.St.1969, § 117.16, to recover reasonable costs and expenses incurred "by reason of the condemnation, the delay in prosecution of that proceeding, and its eventual dismissal by the State of Minnesota, and for judgment against the State of Minnesota for such sum as may be determined, including counsel fees heretofore incurred, and such as may be incurred in the proceeding for the recovery of costs and expenses." After hearing evidence in support of the motions as well as the arguments of counsel, the trial court made findings of fact, conclusions of law, and an order for judgment with respect to each parcel. Motions for new trials then made by the state were denied in separate orders filed in each of the cases, and some 14 months later the state filed notices of appeal from those orders. Judgments, however, were not entered nor were appeals taken from the entry of judgment until after this court heard oral argument on the appeals from the orders denying the state's motions for new trials.

Quite obviously, the state failed to comply with the requirement of Rule 104.01 of the Rules of Civil Appellate Procedure that an appeal from an order be taken within 30 days after the adverse party serves written notice of the order having been filed. That failure provided ample

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

reason to dismiss the appeals from the orders denying new trials without consideration of their merits. *Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 204 N.W.2d 646 (1973). Although the court disapproves the state's tardiness in filing the notices of appeal and insists upon adherence to the Rules of Civil Appellate Procedure, we have allowed the state to file appeals from the judgments and will proceed to consider the merits of those appeals in order to spare the parties the further expense and loss of time that would be occasioned by the dismissal of the untimely appeals from the orders denying new trials and the requirement that the state begin here anew by filing timely appeals from the judgments.

In each case the trial court made specific findings of fact describing the character and contemplated use of the affected land and detailing the claims for costs and expenses. He also made a finding in each case that the state was mistaken in its determination of necessity in taking the affected parcel and either knew or should have known of its error when applying for the delays in the commissioners' hearings. He, therefore, further found that the delay of 1 year and 10 days attributable to the state's requests for continuance was unreasonable.

The following is a summary of the items of cost and expense requested by the respondents and allowed by the trial court. Items challenged by the state in these appeals are denoted by an asterisk. All other items not challenged are recoverable by respondents.

| A. C. Petters | Requested | Allowed |
|---|---|---|
| Attorneys fees | $ 350.00 | $ 300.00 |
| Appraisers fees | 150.00 | 150.00 |
| Respondent's time | 50.00 | 100.00* |
| | $ 550.00 | $ 550.00 |

| James and Marion Miller | Requested | Allowed |
|---|---|---|
| Attorneys fees | $ 350.00 | $ 750.00 |
| Appraisers fees | 2,800.00 | 2,800.00 |
| Aerial photos | 100.00 | 100.00 |
| Respondent's time, litigation | 600.00 | 600.00* |
| Respondent's time, other | 1,050.00 | 0 |
| Automobile mileage | 44.00 | 0 |
| Increase in engineering and surveying due to inflation | 4,680.00) | ) |
| Increase in road costs due to inflation | 5,271.00) | 1,500.00* |
| | | ) |
| Loss due to changes in zoning ordinances | 39,100.00 | 0 |
| | $ 53,995.00 | $ 5,750.00 |

| Gerald and Mary Weyrens | Requested | Allowed |
|---|---|---|
| Attorneys fees | $ 500.00 | $ 500.00 |
| Appraisers fees | 150.00 | 150.00 |
| Respondents' time | 830.00 | 830.00* |
| Cost of resurveying and replatting | 2,500.00 | 2,500.00* |
| Increase in road costs, etc. due to inflation | 6,500.00 | 6,500.00* |
| Cost of additional interest on financing new home | 1,200.00 | 0 |
| Loss of homestead credit | 600.00 | 600.00* |
| Loss of use of 27 acres of development land | 4,500.00 | 0 |
| | $ 16,780.00 | $11,080.00 |

| Albert and Virginia Backer | Requested | Allowed |
|---|---|---|
| Attorneys fees | $   350.00 | $   350.00 |
| Appraisers fees | 150.00 | 150.00 |
| Respondent's time | 150.00 | 150.00* |
| | $   650.00 | $   650.00 |

| American Oil Company | Requested | Allowed |
|---|---|---|
| Outside counsel | $   833.75 | $   833.75 |
| Appraisers fees | 70.00 | 70.00 |
| House counsel | 500.00 | 500.00* |
| Engineering, other planning costs for gas station | 3,000.00 | 0 |
| | $ 4,403.75 | $ 1,403.75 |

1. Each of the consolidated claims now here for review was initiated by a motion brought pursuant to Minn.St.1969, § 117.16, for the recovery of costs and expenses.[1] At common law a landowner had no right of action to recover his costs and disbursements in an abandoned condemnation proceeding. See, *Barmel v. Mpls.-St. Paul Sanitary District,* 201 Minn. 622, 627, 277 N.W. 208, 210 (1938). The award of costs and disbursements is purely statutory and can be made only "as expressly authorized and as prescribed by statute." *State, by Burnquist, v. Miller Home Development, Inc.,* 243 Minn. 1, 7, 65 N.W.2d 900, 903 (1954). See, also, *McRostie v. City of Owatonna,* 152 Minn. 63, 188 N.W. 52 (1922). Thus, Minn.St.1969, § 117.16, stands as the authority for respondents' claims, but it also by its terms defines the items which are reimbursable and so sets limits on the kinds of items for which an award can be made. The statute provided:

"All damages allowed under this chapter, whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioners report. If the award be not paid within 70 days after such filing, or, in case of an appeal within the like period after the final judgment thereon, the court, on motion of the owner of the land, shall vacate the award and dismiss the proceeding as against such land. *When the proceeding is so dismissed or the same is discontinued by the petitioner the owner may recover from the petitioner reasonable costs and expenses including fees of counsel.*" (Italics supplied.)

2. The state contends that Minn.St.1969, § 117.16, allows recovery of only those costs and disbursements that are normally taxable in civil litigation and attorneys fees actually incurred. The respondents maintain that they are entitled to recover not only such sums as they necessarily expended in the course of the litigation but also compensation for the time spent by a landowner or the employee of a corporate landowner in a condemnation proceeding that was ultimately discontinued.

Although this court has on earlier occasions stated that Minn.St.1969, § 117.16, gives a landowner the right to recover from the state in a discontinued condemnation proceeding "costs and expenses including fees of counsel,"[2] the content of that phrase has not been defined. It is clear that the legislature contemplated something more than "costs and disbursements" recoverable in civil litigation, for had that been the intent, those very words appropriately could have been used, since they have a precise statutory definition.[3]

1. Minn.St.1969, § 117.16, was repealed by L.1971, c. 595, § 29. It has been replaced by Minn.St. 117.195, which is substantially similar.

2. *State, by Burnquist, v. Miller Home Development, Inc.,* 243 Minn. 1, 65 N.W.2d 900 (1954).

See, also, *State, by Benson, v. Lesslie,* 195 Minn. 408, 263 N.W. 295 (1935).

3. For a definition of "costs" as the term is used with respect to district court actions, see, Minn.St. 549.02. For "disbursements," see, Minn.St. 549.04.

■ This court has concluded that the words "costs" and "expenses" as used in Minn.St.1969, § 117.16, are to a considerable degree synonymous in that both relate to the outlay of money occasioned by the condemnation proceeding. The phrase "reasonable costs and expenses including fees of counsel," therefore, means charges which the landowner incurs and which he is obligated to pay out of pocket by reason of the condemnation proceeding to establish the measure of just compensation, as litigation expense, or in preparation for the actual taking of the property.

The respondents cite *Atherton v. State Conservation Commissioner,* 203 N.W.2d 620 (Iowa 1973), as authority for the right of a landowner to be compensated for his own time spent in an abandoned condemnation proceeding. Although payment of the landowner's claim for his own time was a necessary result of the court's disposition, the case was decided on a different and entirely unrelated issue and is not, therefore, persuasive here.

■ The phrase "reasonable costs and expenses including fees of counsel," however, does not comprehend expenditures resulting from and following abandonment of the proceedings. The latter are consequential damages founded on a claim that the condemnor acted in bad faith or with unreasonable delay or on the constitutional ground that the property was damaged for public use within the meaning of Minn. Const. art. 1, § 13. Such damages are recoverable, if at all,[4] in a separate action rather than in the discontinued condemnation proceeding. *Minneapolis Board of Park Commrs. v. Johnson,* 274 Minn. 506, 144 N.W.2d 770 (1966). This court, therefore, holds that the "reasonable costs and expenses including fees of counsel" recoverable under Minn.St.1969, § 117.16, include actual cash outlays for costs and expenses incurred by reason of the condemnation proceeding and the taking of the property. Time spent by the landowner or an employee of the landowner occasioned by the condemnation proceeding is not compensable, because it does not result in an actual cash expenditure that would not otherwise be made. Nor can recovery be had under Minn.St.1969, § 117.16, for any sum expended for additional and increased development costs incurred as a consequence of the condemnation proceeding having been abandoned.

We now turn to the various contested claims made by respondents to determine which of them are compensable under the statute.

■ *A. C. Petters.* The sole contested portion of this claim is a sum for respondent's time. It must be disallowed because it resulted in no cash outlay.

*James and Marion Miller.* The claim for the landowner's time is disallowed.

■ Claim is also made for the increase in development costs for land which the owners planned to subdivide into residential lots. The trial court's findings attribute so much of the claim as was held compensable to the state's dilatory action in the condemnation proceedings. That claim, therefore, must be held to be one for consequential damage resulting from abandonment of the condemnation proceeding and not a cost or expense related to it and thus reimbursable under Minn.St.1969, § 117.16.

*Gerald and Mary Weyrens.* Here the landowners claim their time, increased development costs, and loss of a homestead real estate tax credit. For the reasons previously stated, the first two items must be disallowed.

■ The loss of the homestead tax credit stands on no better footing. It is, if anything, an item of consequential damage and cannot properly be litigated in an abandoned condemnation proceeding. See, *Minneapolis Board of Park Commrs. v. Johnson,* 274 Minn. 506, 508, 144 N.W.2d 770, 772 (1966).

*Albert and Virginia Backer.* The claim for respondent's time is disallowed.

4. See, *Barmel v. Mpls.-St. Paul Sanitary District,* 201 Minn. 622, 277 N.W. 208 (1938).

*American Oil Company.*

 Respondent has made claim for time devoted to the condemnation by its house counsel. As far as the record shows, respondent did not incur any out-of-pocket expense beyond its lawyer's regularly paid salary. So viewed the claim is analogous to that of a landowner for his time and is disallowed.

3. The second issue in the case concerns the award of interest. In each case the trial court ordered the payment of interest on the amount allowed as costs and expenses under Minn.St.1969, § 117.16, including fees of counsel to run from January 23, 1970, the date of the state's dismissal of the condemnation proceedings. The state contends that the allowance of interest in an eminent domain proceeding brought by the state is purely statutory and that since Minn.St.1969, § 117.16, made no provision for the payment of interest on costs and expenses payable in a discontinued condemnation proceeding, none is payable here. Respondents argue that the trial court's awards of costs and expenses were in effect judgments "with the concomitant requirement that interest be added thereto from January 23, 1970."

 Clearly, as this court stated in *State, by Burnquist, v. Miller Home Development, Inc. supra,* the allowance of costs and disbursements is purely statutory and may be awarded only as provided by statute. Minn.St.1969, § 117.16, makes no provision for interest on costs and expenses awarded in a discontinued eminent domain proceeding. None, therefore, may be allowed here on any amount fixed as costs and expenses for any period of time before the date of the trial court's order in each of the five cases.

 Interest from the date of the court's order in each of the cases, however, presents a different question. Interest upon an award attaches to it as a legal incident, and when an award is confirmed by the district court, it in effect becomes a judgment bearing interest on the same basis as any other judgment. *County of Blue*

*Earth v. Williams,* 196 Minn. 501, 265 N.W. 329 (1936). This court holds the same to be true of an order awarding costs and expenses made in a discontinued eminent domain proceeding. Thus, the state is obliged to pay interest on the amount of the award in each of these cases as revised by this opinion from the date of the trial court's order.

The judgments are reversed and the cases remanded with directions to enter judgment in each case in accordance with this opinion.

Reversed and remanded.