CITY OF MINNETONKA, Respondent,

v.

Clarence Dwight CARLSON et al., Appellants.

No. 47916.

Supreme Court of Minnesota.

April 14, 1978.

Mastor & Bale, Richard J. Gunn, David R. Knodell and John D. Flanery, Minneapolis, for appellants.

Deborah Hedlund, City Atty., Minnetonka, for respondent.

Heard before PETERSON, KELLY, and IRVINE, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Following the City of Minnetonka's abandonment of condemnation proceedings against land owned by appellants, the district court granted appellants' motion pursuant to Minn.St. 117.195 for appraisers' fees but denied that part of appellants' motion seeking attorneys fees. On appeal from the district court's order, we reverse that portion which concerns attorneys fees.

Appellants own three parcels of land which the City of Minnetonka wished to obtain for park and recreational purposes. The city obtained two separate appraisals of the three parcels, one appraisal valuing them at $264,000, the other at $240,000. On the basis of these appraisals the city began condemnation proceedings in district court. Appellants retained Attorney John Flanery to represent them under a contingent fee agreement which provided that Flanery would receive one-third of the amount by which the condemnation awards exceeded $150,000.

The city's petition to condemn was granted and three commissioners were appointed pursuant to Minn.St. c. 117 to determine an award. The commissioners returned awards for the three parcels totaling $668,-475, more than $400,000 greater than the highest of the two private appraisals. Because of the size of the awards the city decided to abandon the condemnation.

At that point Mr. Flanery associated the law firm of Mastor & Mattson, Ltd. (now Mastor & Bale, Ltd.), to assist him in contesting the legality of the city's abandonment. A hearing was held and the district court ruled that the city could abandon the condemnation proceeding. No appeal was taken from that order and no issue concerning the legality of the abandonment is before us now.

Following the unsuccessful challenge to the abandonment, appellants moved for an order pursuant to Minn.St. 117.195[1] directing the city to pay their reasonable costs and expenses, including attorneys fees. The district court ordered the city to pay appellants $1,500 for appraisal expenses but denied appellants any recovery of attorneys fees on the ground that they could show no out-of-pocket payment of attorneys fees. On appeal from that order, appellants seek reasonable attorneys fees in three distinct categories: (1) legal services up to the time condemnation was abandoned; (2) legal services in contesting the abandonment before the district court; (3) legal services in bringing this appeal.

In our view the award of fees for services up to the time condemnation was abandoned is governed by *State, by Head v. Paulson,* 290 Minn. 371, 188 N.W.2d 424 (1971). That case is closely analogous to the present case. In *Paulson* the landowners had retained counsel under a contingent fee arrangement based on the expected commissioners' award, but when the commissioners returned a higher-than-expected award the condemnation proceedings were abandoned. We held that under Minn.St. 1969, § 117.16, the predecessor to the present statute, the landowners were entitled to recover the reasonable value of their attorneys' services. We went on to state that the contingent fee arrangement was only one of the factors which should be considered in determining reasonable value:

" * * * [W]hat constitutes the reasonable value of the legal services is a question of fact to be determined by the evidence submitted, the facts disclosed by the record of the proceedings, and the court's own knowledge of the case. * * Absent any statutory limitations, allowances should be made with due regard for all relevant circumstances, including the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; *and the fee arrangement existing between counsel and the client.*" (Italics supplied.) 290 Minn. 373, 188 N.W.2d 426.

We reject the city's argument that *Paulson* is inapplicable and that recovery for legal services prior to abandonment is governed by our recent decision in *State, by Head v. Savage,* Minn., 255 N.W.2d 32 (1977). The *Savage* case did not involve a

1. In pertinent part Minn.St. 117.195 provides: " * * * When the proceeding [for condemnation] is so dismissed or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses including attorneys' fees." This provision of § 117.195 is the successor to a provision of Minn.St.1969, § 117.16, which was identical except that the older statute used the term "fees of counsel" instead of "attorneys' fees."

contingent fee arrangement. In *Savage* we upheld, in abandoned condemnation proceedings, awards to an individual landowner for his attorneys fees and to a corporate landowner for its outside counsel fees. However, we reversed awards made for the value of the time each individual landowner was involved in the litigation. We also reversed an award for the value of the legal services provided by the corporate landowner's salaried in-house counsel. In reversing these awards we explained that these items did not reflect actual out-of-pocket expenses by either the individual or the corporate landowner.

In the present case the city argues that appellants had no out-of-pocket legal expenses and therefore under *Savage* should not be entitled to reasonable attorneys fees. We reject this argument. The court in *Savage* did not have before it a contingent fee arrangement, and the general statements made there concerning out-of-pocket expenses must be read with reference to the court's specific holding. This court in *Savage* evinced no intent to depart from its holding in *Paulson,* and under *Paulson* appellants are entitled to recover reasonable attorneys fees for legal services up until the time condemnation was abandoned.

The *Savage* case does, however, bar appellants from recovery for legal expenses in contesting the legality of the abandonment. In *Savage* we pointed out that such claims for periods after abandonment may be granted only where there has been bad faith or unreasonable delay by the condemnor or where the property was damaged for public use. 255 N.W.2d 38. These factors are not present in this case, and thus appellants are not entitled to recover attorneys fees in contesting the abandonment.

We also reject appellants' claim for attorneys fees in bringing this appeal. The general rule in Minnesota is that attorneys fees are not allowed except where authorized by a contract between the parties or by statute, and in condemnation cases allowance of attorneys fees as an element of costs is purely statutory. *State, by Spannaus v. Carter,* 300 Minn. 495, 221 N.W.2d 106 (1974). Since Minn.St. 117.195, on which appellant relies, makes no provision for attorneys fees on appeal, we will not go beyond the statute to award them.

The portion of the district court order concerning attorneys fees for services prior to the time of abandonment is reversed and in all other respects the order is affirmed. The case is remanded for further proceedings consistent with this opinion.

Reversed in part and remanded.