**Ronald R. JOHNSON, et al., Appellants,**

v.

**CITY OF SHOREWOOD and the Shorewood City Council, et al., Respondents.**

No. CX–94–2056.

Court of Appeals of Minnesota.

May 16, 1995.

Review Denied July 7, 1995.

John F. Bonner, III, Bradley A. Kletscher, Parsinen, Bowman & Levy, Minneapolis, for appellants.

Christopher J. Dietzen, Timothy J. Keane, Daniel W. Voss, Larkin, Hoffman, Daly & Lindgren, Bloomington, for respondents.

Considered and decided by DAVIES, P.J., RANDALL and MULALLY,* JJ.

## OPINION

DAVIES, Judge.

Appellants Ronald R. Johnson, et al., moved the district court for costs and attorney fees incurred on an earlier appeal. The district court denied the motion. We affirm.

## FACTS

Respondent City of Shorewood (city) constructed a flood control pond and related structure. Because the pond spread onto appellants' property during high water, appellants petitioned for a writ of mandamus to compel inverse condemnation proceedings.

After a hearing, the district court issued the writ. It also awarded appellants attorney fees, costs, and expenses pursuant to Minn.Stat. § 117.045 (1992). City appealed. This court affirmed, and the supreme court denied review. *Johnson v. City of Shorewood,* No. CX–93–2452, 1994 WL 193829 (Minn.App. May 17, 1994), *pet. for rev. denied* (Minn. July 15, 1994).

In a motion dated July 29, 1994, appellants asked the district court to award costs and attorney fees incurred in the above appeal. The district court denied appellants' motion. This appeal followed.

## ISSUES

I. Is the district court order denying costs and attorney fees appealable?

II. May a party seek from the district court an award of attorney fees incurred on appeal?

III. Are appellants entitled to costs and attorney fees incurred on appeal in an action pursuant to Minn.Stat. § 117.045 (1992)?

## ANALYSIS

### I.

We first address respondent city's argument that the district court order denying attorney fees is not appealable.

■ Under Minn.R.Civ.App.P. 103.03(g), an appeal may be taken from "a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding." An eminent domain proceeding is a special proceeding. *Antl v. State,* 220 Minn. 129, 133, 19 N.W.2d 77, 79 (1945); *State by Humphrey v. Baillon Co.,* 503 N.W.2d 799, 802 (Minn.App.1993). The proper appeal in such a case is from the final decision, order, or judgment. *Park & Recreation Bd. v. Bolander & Sons Prop.,* 436 N.W.2d 481, 482 (Minn.App.1989). A claim for attorney fees under Minn.Stat. § 117.045 is, however, independent of the merits. *Spaeth v. City of Plymouth,* 344 N.W.2d 815, 825 (Minn.1984). Thus, this appeal was properly brought pursuant to Minn.R.Civ. App.P. 103.03(g).

City argues that because appellants did not ask this court to tax costs and assess attorney fees within 15 days after the filing of this court's decision, appellants' motion was untimely under Minn.R.Civ.App.P. 139.03. Appellants were not, however, seeking to recover the costs and disbursements authorized by Minn.R.Civ.App.P. 139.03, but rather to recover pursuant to the independent authorization of Minn.Stat. § 117.045. Thus, the time limit in Minn.R.Civ.App.P. 139.03 would not apply to appellants' request for attorney fees.

### II.

■ A related question is whether appellants properly applied to the district court, rather than to this court, for attorney fees incurred on the previous appeal.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-
pointment pursuant to Minn. Const. art. VI, § 10.

Minn.Stat. § 117.045 provides that, if successful in bringing an action, a person may petition "the court" for reimbursement of reasonable attorney fees incurred in bringing the action. There is conflicting authority on which is the proper court. *Compare Hughes v. Sinclair Mktg., Inc.,* 389 N.W.2d 194, 200 (Minn.1986) (in Franchise Act suits, better practice is for appellate courts themselves to determine appropriate attorney fees for appeals portion of lawsuit) *with Federated Mut. Ins. v. Concrete Units, Inc.,* 363 N.W.2d 751, 757 (Minn.1985) (remanding for trial court to award attorney fees incurred both on appeal and at trial). We believe *Federated Mutual* can be explained simply as a decision of the supreme court to delegate the appellate fee decision to the trial court in order to avoid the problem of apportioning costs between trial and appeal.

There was no delegation here and a claim for attorney fees on appeal is properly addressed to the appellate courts. *See Hughes,* 389 N.W.2d at 200 (better practice is to allow appellate courts to award fees for appellate work).

### III.

We next address the substantive issue: whether, under Minn.Stat. § 117.045, appellants are entitled to attorney fees incurred in successfully defending the appeal.

The supreme court rejected an award of attorney fees on appeal under another section of the eminent domain chapter. In *City of Minnetonka v. Carlson,* 265 N.W.2d 205, 206 (Minn.1978), a property owner sought attorney fees and costs on appeal pursuant to Minn.Stat. § 117.195, which provides that when the petitioner abandons a condemnation proceeding the owner may recover reasonable costs and expenses, including attorney fees. The *Carlson* court ruled that because Minn.Stat. § 117.195 made "no provision for attorneys fees on appeal, we will not go beyond the statute to award them." *Id.* at 207.

Generally, attorney fees are not recoverable absent authorization by contract or statute. *Barr/Nelson, Inc. v. Tonto's, Inc.,* 336 N.W.2d 46, 53 (Minn.1983). Attorney fees have been awarded for appellate work pursuant to a statute authorizing an award of attorney fees. *Hughes v. Sinclair Mktg., Inc.,* 375 N.W.2d 875, 880 (Minn.App.1985), *aff'd in part, rev'd in part,* 389 N.W.2d 194 (Minn.1986).

Minn.Stat. § 117.045 (1992) provides that, upon bringing a successful action to compel eminent domain proceedings,

> such person shall be entitled to petition the court for reimbursement for reasonable costs and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred in bringing such action.

Appellants contend that the plain language of the statute supports their claim, as does its purpose, which is "to assure that any landowner who is forced to take legal action against an acquiring authority is made whole." *See Spaeth,* 344 N.W.2d at 823 (explaining the purpose of section 117.045). Appellants distinguish *Carlson* as applying only when condemnation proceedings are initiated by the government. But this case, appellants argue, involves Minn.Stat. § 117.045, which applies to proceedings where the landowner seeks initiation of condemnation. Appellants also argue that, unlike *Carlson,* their costs were incurred because of the city's appeal of the inverse condemnation decision, not their own appeal.

Despite appellants' arguments, we must follow *Carlson,* which interpreted similar language in the same chapter and held that an award for attorney fees on appeal is not authorized. 265 N.W.2d at 207. Consistent with *Carlson,* which holds that Minn.Stat. ch. 117 does not specifically allow attorney fees on appeal, we affirm.

Appellants seek attorney fees on this appeal. In light of our decision, we deny appellants' request.

### DECISION

The decision of the district court denying attorney fees for the earlier appeal is affirmed. Appellants' motion for attorneys fees on this appeal is denied.

**Affirmed.**