**Blair WOLFSON, Trustee of the Wilfred Wolfson Marital Trust, et al., Appellants,**

v.

**CITY OF ST. PAUL, Respondent.**

No. C6–96–1636.

Court of Appeals of Minnesota.

Feb. 25, 1997.

Joseph M. Finley, Bradley J. Gunn, Marc D. Simpson, Leonard, Street and Deinard, Minneapolis, for Appellants.

Peg Birk, City Attorney, Edward P. Starr, Assistant City Attorney, St. Paul, for Respondent.

Considered and decided by
SCHUMACHER, P.J., KLAPHAKE, J., and FORSBERG, J.*

## OPINION

KLAPHAKE, Judge.

Appellants, the Wolfson and Segal families, succeeded in an inverse condemnation action against respondent City of St. Paul, and then successfully defended against the city's new trial motion and appeal. Following resolution of the appeal, appellants moved in district court for reimbursement of litigation expenses associated with the posttrial hearing and appeal. The district court denied the motion, concluding that appellate litigation expenses are not reimbursable under Minn. Stat. § 117.045 (1994). Because we conclude that federal law controls this issue and that 42 U.S.C. § 4654 allows reimbursement, we reverse and remand.

## FACTS

Appellants have owned and operated a small, multi-unit retail center in the city for over 40 years. In 1956, the city agreed to construct a 19-stall customer parking lot adjacent to the shopping center. Appellants paid the construction costs and maintained the lot throughout the years, believing that they owned the lot.

In 1992, the city sought to demolish the lot as part of a road project that included construction of a right-turn lane. Despite appellants' protests that the city's actions were unlawful, the city demolished the lot without any hearing and used significant federal funds to finance the road project. Appellants brought an inverse condemnation action against the city, which resulted in a district court order that the city begin condemnation proceedings.

Appellants moved for reasonable costs and attorney fees incurred at trial. The district court awarded appellants their litigation expenses under Minn.Stat. § 117.045 (1994). This court affirmed the decision and the supreme court denied review. *See Wolfson v. City of St. Paul,* 535 N.W.2d 384 (Minn.App. 1995), *review denied* (Minn. Sept. 28, 1995).

Appellants then moved for reimbursement of litigation expenses incurred in defending the city's posttrial motions and appeal. The district court denied the motion, ruling that under Minnesota law, appellate litigation expenses are not reimbursable. Appellants challenge this decision.

## ISSUE

Does the federal statute, rather than the Minnesota statute, apply to the issue of litigation expenses in this case?

## ANALYSIS

■ On cases of statutory interpretation, this court need not defer to the lower court's decision. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

■ The relevant federal statute is entitled Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs. 42 U.S.C. § 4601 (1987). On the issue of litigation expenses, the statute states that in any judgment or settlement for the plaintiff in a condemnation action, the court

> shall determine and award or allow to such plaintiff * * * such sum as will * * * reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including the reasonable attorney, appraisal, and engineering fees, actually incurred **because of such proceeding.**

art. VI, § 10.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

*Id.* § 4654(c) (1971) (emphasis added). The wording "because of such proceeding" implies that the federal statute includes expenses from all subsequent litigation to defend the judgment. *See Florida Rock Indus., Inc. v. United States,* 23 Cl.Ct. 653, 657 (1991).

 The Minnesota condemnation statute differs slightly in wording. Under Minn. Stat. § 117.045 (1994), a party who successfully compels the initiation of condemnation proceedings

> shall be entitled to petition the court for reimbursement for reasonable costs and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred *in bringing such action.*

(Emphasis added.) The phrase "in bringing such action" implies that only those expenses incurred in the initial action to compel condemnation proceedings may be reimbursed. This court has concluded that appellate litigation expenses are not reimbursable under this statute. *See Vern Reynolds Constr., Inc. v. City of Champlin,* 539 N.W.2d 614, 619 (Minn.App. Nov.7, 1995), *review denied* (Minn. Dec. 20, 1995); *Johnson v. City of Shorewood,* 531 N.W.2d 509, 511 (Minn.App. May 16, 1995), *review denied* (Minn. July 7, 1995).

Appellants argue that the federal statute is applicable in this case because the city's road project was federally funded. We agree. The federal statute dictates that an agency will not approve any federally funded project unless assurances are received that "property owners will be paid or reimbursed for necessary expenses as specified in sections 4653 and 4654 of this title." 42 U.S.C. § 4655(a)(2) (1987). The federal statute dictates that federally funded projects must comply with the federal statute, including the section on reimbursement of litigation expenses.

The two Minnesota cases in which this court ruled that appellate litigation expenses would not be reimbursed are not dispositive on this issue because neither involved federal funding. *See Vern Reynolds Constr.,* 539 N.W.2d at 619; *Johnson,* 531 N.W.2d at 511.

## DECISION

The district court improperly applied Minnesota law to this issue. Under 42 U.S.C. § 4654, appellants are entitled to reimbursement of their litigation expenses. We reverse and remand to the district court for an award of those expenses.

**Reversed and remanded.**