Leon S. DECOOK, et al., Respondents,

v.

**ROCHESTER INTERNATIONAL AIRPORT JOINT ZONING BOARD, Appellant.**

No. A09–0969.

Supreme Court of Minnesota.

March 22, 2012.

## ORDER

In 2002 the Rochester International Joint Zoning Board enacted a zoning ordinance that increased the size of a runway safety zone and changed the restrictions within the safety zone to allow fewer types of uses of land within the zone. The safety zone extended over property owned by respondents Leon S. and Judith DeCook.

The DeCooks brought an inverse condemnation action, alleging that the Board's decision constituted a taking or damaging of private property for public use for which the DeCooks were entitled to compensation. The district court initially granted the Board's motion for summary judgment dismissing the DeCooks' action, concluding that there was no taking as a matter of law. However, the court of appeals reversed the district court and remanded the matter for trial. *DeCook v. Rochester Int'l Airport Joint Zoning Bd.*, No. A06–2170, 2007 WL 2178046, at * 5 (Minn.App. July 31, 2007).

On remand to the district court, a jury found that the 2002 ordinance diminished the value of the DeCooks' property by $170,000. But the district court concluded that the diminution of value as determined by the jury did not constitute a taking as a matter of law and entered judgment in favor of the Board. The DeCooks again appealed. The court of appeals reversed. In an opinion filed on March 30, 2011, we affirmed the court of appeals' determination that the 2002 zoning ordinance constituted a taking of the DeCooks' property. *DeCook v. Rochester Int'l Airport Joint Zoning Bd.*, 796 N.W.2d 299, 309 (Minn. 2011). We remanded the matter to the district court for entry of judgment in favor of the DeCooks.

The DeCooks then moved for an award of attorney fees incurred during the three appeals: the 2007 appeal to the court of appeals from the district court's initial grant of summary judgment, the 2009 appeal to the court of appeals after the jury trial, and the subsequent appeal by the Board to our court. The DeCooks contend that their appellate attorney fees are authorized under Minn.Stat. § 117.045 (2010), which provides:

> Upon successfully bringing an action compelling an acquiring authority to initiate eminent domain proceedings relating to a person's real property which was omitted from any current or completed eminent domain proceeding, such person shall be entitled to petition the court for reimbursement for reasonable costs and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred in bringing such action. Such costs and expenses shall be allowed only in accordance with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Statutes at Large, volume 84, page 1894 (1971), any acts amendatory thereof, any regulations

duly adopted pursuant thereto, or rules duly adopted by the state of Minnesota, its agencies or political subdivisions pursuant to law.

The DeCooks claim they are entitled to fees under the plain language of Minn. Stat. § 117.045 because they successfully obtained a judgment in an inverse condemnation action. The DeCooks support their claim for attorney fees with detailed billing records. The Board opposes any fee award. We address the parties' arguments in turn.

### A.

■ The Board contends that any award of attorney fees to the DeCooks is subject to our decision in *McShane v. City of Faribault,* 292 N.W.2d 253 (Minn.1980), and under *McShane,* attorney fees are not available under Minn.Stat. § 117.045 unless the regulatory taking is irreversible. *See McShane,* 292 N.W.2d at 259–60. Because the taking here is reversible-the Board could choose not to enforce the ordinance in the future-the Board argues that the DeCooks should have sought an injunction to bar enforcement of the ordinance, rather than mandamus to force eminent domain proceedings, and as a result are barred from recovering attorney fees, just as the landowner in *McShane* was. *See McShane,* 292 N.W.2d at 260.

The issue in *McShane* was whether zoning regulations adopted by an airport zoning board constituted a taking of property "without just compensation." *Id.* at 256. We held that land use regulations "designed to benefit a specific public or governmental enterprise" required "compensation to landowners whose property has suffered a substantial and measurable decline in market value as a result of the regulations." *Id.* at 258–59. But we concluded that the *McShane* plaintiffs should have sought an injunction against the enforcement of the ordinance, giving the air-

port zoning board "the option of repealing the ordinance or retaining it and initiating eminent domain proceedings to compensate plaintiffs for its effects." *Id.* at 259. In essence, the *McShane* court concluded that mandamus to compel eminent domain proceedings was not the appropriate remedy for what could be only a temporary taking. And because the *McShane* plaintiffs were not entitled to compel eminent domain proceedings, we concluded that the plaintiffs were not entitled to an award of attorney fees under Minn.Stat. § 117.045. *McShane,* 292 N.W.2d at 260.

■ However, seven years after *McShane* was decided the United States Supreme Court held that a property owner is entitled to compensation even if the regulatory taking is only temporary, that is, even if the offending ordinance is later reversed by the governmental body. *First English Evangelical Lutheran Church v. Cnty. of Los Angeles,* 482 U.S. 304, 321, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). As a result, and as we recognized in *Zeman v. City of Minneapolis,* 552 N.W.2d 548, 553 (Minn.1996), inverse condemnation *is* an appropriate remedy for a property owner whose property has been taken, if only temporarily, by government regulation.

We therefore reject the Board's argument that *McShane* bars an award of the DeCooks' attorney fees.

### B.

■ The Board further argues that attorney fees are available under the plain language of Minn.Stat. § 117.045 only when property has been omitted from a current or completed eminent domain proceeding, and there was no such proceeding here. We rejected the same argument in *Spaeth v. City of Plymouth,* 344 N.W.2d 815, 822–23 (Minn.1984), noting that a literal reading of section 117.045 "would

mean that a landowner could recover costs and expenses when an acquiring authority fails to acquire enough property, but not when it fails to make any provision whatsoever for eminent domain proceedings." We concluded that section 117.045 applies "whenever a landowner successfully brings an action to compel eminent domain proceedings with respect to land which was omitted from a proceeding which should have been commenced." *Spaeth,* 344 N.W.2d at 823.

The fact that there was no eminent domain proceeding from which the DeCooks' land was omitted does not prevent an award of attorney fees here.

### C.

The Board argues that Minn.Stat. § 117.045 does not permit an award of attorney fees on appeal, citing *Vern Reynolds Construction, Inc. v. City of Champlin,* 539 N.W.2d 614 (Minn.App.1995). *Vern Reynolds* relied on an earlier court of appeals opinion, *Johnson v. City of Shorewood,* 531 N.W.2d 509 (Minn.App.1995), *rev. denied* (Minn. July 7, 1995), which in turn relied on our decision in *City of Minnetonka v. Carlson,* 265 N.W.2d 205 (Minn.1978). We are, of course, not bound by the court of appeals' decisions in *Vern Reynolds* and *Johnson.* Accordingly, our consideration of the Board's argument begins with *Carlson.*

*Carlson* began as a condemnation proceeding brought by the City of Minnetonka. *Id.* at 206. But after the city's petition to condemn was granted, the panel of commissioners appointed to determine the amount of the condemnation award returned awards so large that the city decided to abandon the condemnation. *Id.* The property owners contested the legality of the city's abandonment of the condemnation, but the district court ruled that the

city could abandon the proceeding, a ruling from which the property owners did not appeal. *Id.*

The property owners then moved for an award of their costs and expenses, including attorney fees, under Minn.Stat. § 117.195 (1978). *Carlson,* 265 N.W.2d at 206. At the time, section 117.195 provided, in pertinent part: "When the [eminent domain] proceeding is ... discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses including attorneys' fees." The district court declined to award the property owners any attorney fees. *Carlson,* 265 N.W.2d at 206. On the property owners' appeal, we held that the property owners could recover attorney fees for legal services up to the time the condemnation was abandoned, but could not recover for expenses incurred in contesting the legality of the abandonment. *Id.* at 207. Nor, we held, could the property owners recover attorney fees incurred on appeal, because Minn.Stat. § 117.195 did not provide for such fees. *Carlson,* 265 N.W.2d at 207.

In contrast, the property owners in *Johnson* successfully petitioned for a writ of mandamus to compel the City of Shorewood to initiate inverse condemnation proceedings. *Johnson,* 531 N.W.2d at 510. The city appealed unsuccessfully to the court of appeals, and then unsuccessfully petitioned for review to our court. *Id.* After we denied further review, the property owners sought an award under Minn. Stat. § 117.045 of costs and attorney fees incurred on appeal. *Johnson,* 531 N.W.2d at 510. In denying the property owners' request for attorney fees, the court of appeals cited our statement in *Carlson* "that because Minn.Stat. § 117.195 made 'no provision for attorneys fees on appeal, we will not go beyond the statute to award

them.'" *Johnson,* 531 N.W.2d at 511 (quoting *Carlson,* 265 N.W.2d at 207). Although *Carlson* was a request for attorney fees specifically under Minn.Stat. § 117.195, the court of appeals denied Johnson's request for attorney fees with the observation that it was bound to follow *Carlson,* which according to the court of appeals "interpreted similar language" and "holds that Minn.Stat. ch. 117 does not specifically allow attorney fees on appeal." *Johnson,* 531 N.W.2d at 511. Finally, in *Vern Reynolds,* also a request for attorney fees incurred on appeal in an inverse condemnation proceeding, the court of appeals relied on the *Johnson* court's "refus[al] to award attorney fees on appeal because Minn.Stat. § 117.045 did not specifically provide for appellate fees." *Vern Reynolds,* 539 N.W.2d at 619.

■ The circumstances under which we denied attorney fees on appeal in *Carlson* are significantly different from those under which the court of appeals denied attorney fees on appeal in *Johnson* and *Vern Reynolds,* and from the circumstances of this case. As we explained in *Spaeth,* the purpose of Minn.Stat. § 117.045—the statute at issue here—"is to assure that any landowner who is forced to take legal action against an acquiring authority [to compel eminent domain proceedings] is made whole." *Spaeth,* 344 N.W.2d at 823. In contrast, *Carlson* was an appeal by the property owners from an abandoned condemnation action: in other words, an attempt to force the acquiring authority to follow through on its original plan to acquire the property. *See Carlson,* 265 N.W.2d at 206. Even if we were to have construed the purpose of the attorney fees provision in Minn.Stat. § 117.195, the statute at issue in *Carlson,* as intending to assure that the landowner in a condemna-

tion action "is made whole"—a decision we need not and do not make here-an award of attorney fees and costs limited to those incurred before the abandonment of the condemnation action would have accomplished that purpose. The property owners in *Carlson* still owned their property and, unlike the DeCooks here, were not "forced to take legal action against an acquiring authority," much less to appeal from the city's abandonment of the condemnation action, in order to be "made whole." *Spaeth,* 344 N.W.2d at 823.

Our decision in *Carlson* declining to award attorney fees under Minn.Stat. § 117.195 on appeal from the abandonment of a condemnation action therefore does not bar an award of attorney fees incurred in this case.

## D.

■ Anticipating the Board's argument that Minn.Stat. § 117.045 does not authorize an award of attorney fees on appeal, the DeCooks initially argued that appellate attorney fees could be awarded "if there is federal funding for the Board's actions," citing a court of appeals decision, *Wolfson v. City of St. Paul,* 558 N.W.2d 781, 783 (Minn.App.1997). In *Wolfson,* the court concluded that because the Wolfsons' land was taken for a road project financed with "significant federal funds," the question of the Wolfsons' litigation expenses was controlled by federal, not state, law. *Id.* at 782. And in awarding the Wolfsons their litigation expenses, the court relied on 42 U.S.C. § 4654(c) (2006), which provides that in any judgment or settlement for the plaintiff in a condemnation action, the court must award the "reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding." *Wolfson,* 558 N.W.2d at 782.

The Board responded that *Wolfson* was wrongly decided because 42 U.S.C. § 4654, the statute on which the *Wolfson* court relied, applies only in condemnation proceedings in federal court involving a federal agency. But, as the DeCooks noted in reply, Minn.Stat. § 117.045 explicitly incorporates the federal law of which 42 U.S.C. § 4654 is a part. Under Minn.Stat. § 117.045, a landowner's reasonable costs and expenses are to be allowed "only in accordance with the applicable provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970."

We therefore asked the parties to provide additional briefing on the meaning of the reference in section 117.045 to the federal act. *DeCook v. Rochester Int'l Airport Joint Zoning Bd.*, A09–0969, Order at 3 (Minn. filed Sept. 28, 2011). In response, the Board argues that Minn. Stat. § 117.045 allows reimbursement of attorney fees only where the federal act does, meaning only in projects that receive federal funding. The Board maintains that it used no federal funding to enact the 2002 airport zoning ordinance that resulted in the regulatory taking of the DeCooks' property.

But, as the DeCooks point out, the Board's interpretation of the reference in section 117.045 to the federal Relocation Act renders section 117.045 superfluous: if federal funds are used in the project that results in a regulatory taking, the property owner is entitled to recover costs and attorney fees incurred on appeal under the Relocation Act itself. But the Legislature has instructed that every law is to be "construed, if possible, to give effect to all its provisions," Minn.Stat. § 645.16 (2010), and we are to presume that "[t]he legislature intends the entire statute to be effective and certain," Minn.Stat. § 645.17(2)

(2010). Moreover, as the DeCooks also note, Minn.Stat. § 117.52, subd. 1 (2010), provides that in acquisitions "in which, due to the lack of federal financial participation, relocation assistance, services, payments and benefits under" the federal Relocation Act "are not available, the acquiring authority, as a cost of acquisition, shall provide all relocation assistance, services, payments and benefits required by" the Relocation Act nevertheless.

We therefore construe the reference in Minn.Stat. § 117.045 to the federal Relocation Act to mean that a property owner who is successful in requiring an acquiring authority to commence condemnation proceedings is entitled to recover those types of costs and expenses that would be required to be paid under 42 U.S.C. § 4654(c) if federal funds were used in the project. Because 42 U.S.C. § 4654(c) specifically provides for payment by the acquiring authority of the property owner's reasonable attorney fees, we conclude that Minn.Stat. § 117.045 similarly requires payment of the property owner's reasonable attorney fees, including attorney fees incurred on appeal.

### E.

■ As to the amount of attorney fees to which the DeCooks may be entitled, the Board argues that the DeCooks are not entitled to recover attorney fees previously denied by the court of appeals in connection with the DeCooks' first appeal from the district court's initial entry of summary judgment. *See DeCook*, 2007 WL 2178046. The court of appeals denied the DeCooks' 2007 request for attorney fees for two reasons: one, because the motion was untimely; and two, because the motion failed to identify a "substantive basis" for awarding appellate fees. *Decook*, A06–

2170, Order at 1 (Minn.App. filed Jan. 9, 2008).

Because the DeCooks had not yet been successful in compelling the Board to initiate eminent domain proceedings, they were not then entitled to fees on appeal under Minn.Stat. § 117.045. But the DeCooks have now prevailed and are entitled under Minn.Stat. § 117.045 to an award of "reasonable costs and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred" in this proceeding, including attorney fees and costs incurred on appeal.

The DeCooks have already submitted a request for $69,681 in fees and costs incurred on appeal, supported by detailed billing records and an affidavit of counsel. The Board has not challenged either the number of hours expended by counsel or the reasonableness of counsel's rates. Within 15 days of the date of filing of this order, the DeCooks may supplement their request for the attorney fees and costs incurred in responding to our September 28, 2011, order for additional briefing.

IT IS HEREBY ORDERED THAT the motion of Leon S. and Judith DeCook for an award of attorney fees incurred on appeal be, and the same is, granted. Within 15 days of the date of filing of this order, respondents DeCook may file with the Clerk of Appellate Courts and serve upon appellant a supplemental motion for attorney fees incurred in responding to our September 28, 2011, order for additional briefing, which shall comply with the requirements of Minn. R. Civ.App. P. 127 and 139.06. Within 10 days of service of respondents' motion, appellant may file with the Clerk of Appellate Courts and serve upon respondents any response to respondents' motion.

IT IS FURTHER ORDERED THAT the request of Leon S. and Judith DeCook for taxation of costs and disbursements be, and the same is denied. *See Lund v. Comm'r of Pub. Safety,* 783 N.W.2d 142 (Minn.2010) (holding that the state and its political subdivisions are not liable for costs and disbursements when acting in a sovereign capacity).

BY THE COURT

/s/G. Barry Anderson
Associate Justice